DLD-320                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1353
_____

MICHAEL EVAN KEELING,
                                          Appellant

v.

ATTORNEY GENERAL FOR THE COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 12-cv-02720)
District Judge:  Honorable Harvey Bartle III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 31, 2014
Before:  SMITH, HARDIMAN and KRAUSE, Circuit Judges

(Opinion filed: August 12, 2014)
_____

OPINION
_____

PER CURIAM

    Michael Evan Keeling, proceeding pro se and in forma pauperis, appeals the

District Court's denial of his motion for relief from judgment pursuant to Federal Rule of

Civil Procedure 60(b)(1) or 60(b)(6).  For the reasons set forth below, we will summarily

affirm.

Keeling has filed several petitions for habeas relief challenging his 1995 conviction for robbery and related offenses in Pennsylvania state court. See, e.g., Keeling v. Shannon, C.A. No. 03-3808 (denying certificate of appealability); Keeling v. Shannon, C.A. No. 04-1219 (same); Keeling v. Shannon, C.A. No. 04-3924 (same). In April 2012, we rejected Keeling's argument that he could seek relief via 28 U.S.C. § 2241, explaining that challenges to his convictions must be made via § 2254. We simultaneously declined to authorize his filing of another § 2254 petition. See In re: Keeling, C.A. No. 12-1030.[1]

Seeking a new platform for his complaints, Keeling then filed the instant action against Linda Kelly, the former Attorney General of Pennsylvania,[2] under 42 U.S.C. § 1983. Kelly filed a motion to dismiss the complaint on multiple grounds pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The District Court granted that motion, ruling that no case or controversy existed since Kelly had no involvement with any of the allegations contained in the complaint.

---

[1] In May 2013, Keeling again unsuccessfully attempted to circumvent the requirements of § 2254 by filing a § 2241 petition. See Keeling v. Commonwealth of Pennsylvania, C.A. No. 13-1376.

[2] The complaint also names the following defendants, who were never served with process: Amy Galliocchio and Roy Zripis, public defenders who once represented Keeling; John Doe, a clerk of a Pennsylvania state court in 2000; and Charles O'Connor, Jr., the former Superior Court of Pennsylvania Deputy Prothonotary. As they were never served, we understand these defendants to have been implicitly dismissed under Federal Rule of Civil Procedure 4(m).

Keeling consequently filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e), requesting permission to replace Kelly with a new defendant. He identified the police officers and prosecutors involved in his arrest and conviction, along with Philadelphia Mayor Nutter, as possible replacements. The District Court denied the motion. Keeling then filed a motion for relief from the judgment under Rule 60(b)(1) or 60(b)(6), again requesting permission to replace Kelly with Mayor Nutter, police officers, and prosecutors. The District Court denied that motion as well. Keeling filed a timely notice of appeal as to the denial of his Rule 60(b) motion. We review the District Court's order for abuse of discretion. Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002).

In his Rule 60(b) motion, Keeling sought leave to replace Kelly with different defendants. The District Court did not abuse its discretion in denying that motion because it is clear that such an amendment would have been futile. See id. at 209-10. Keeling's complaint can be difficult to follow, but it appears that he is advancing two main arguments. The first is a claim that his public defenders provided him ineffective assistance of counsel. This claim is misplaced, because public defenders are not state actors and thus are not subject to § 1983 liability. See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) (a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding, and so is not vulnerable to § 1983 liability).

Keeling also argues that his Fourth Amendment rights were violated when he was arrested in November 1994. The statute of limitations for a § 1983 claim arising in

3

Pennsylvania is two years. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). When a plaintiff seeks damages under § 1983 for false arrest in violation of the Fourth Amendment, and where that arrest was followed by criminal proceedings, the two-year period begins to run when the claimant becomes detained pursuant to legal process. See Wallace v. Kato, 549 U.S. 384, 397 (2007). Keeling filed this action in 2012, well beyond the allowable two-year period. The claim is therefore time-barred. [3]

Furthermore, to the extent that Keeling seeks damages for this Fourth Amendment claim, such relief is precluded under these circumstances by the favorable termination requirement of Heck v. Humphrey, 512 U.S. 477 (1994). Under Heck, a prisoner may not use § 1983 to obtain damages if success on the merits necessarily would imply the invalidity of his conviction. See id. at 486-87. Here, Keeling affirmatively contends that the allegedly illegal search and seizure resulted in his unlawful conviction, and accordingly, he cannot bring this claim unless and until he successfully attacks his conviction. See id.; see also Evans v. Poskon, 603 F.3d 362, 364 (7th Cir. 2010). And to

---

[3] Along the same lines, Keeling challenges the constitutionality of 42 Pa. Cons. Stat. Ann. § 9545(b) — the time limitations provision of the Pennsylvania Post-Conviction Relief Act (PCRA) — on the ground that it prevented him from litigating his Fourth Amendment claim. But this challenge rests on a false premise. The Pennsylvania Superior Court, in affirming the PCRA Court's order denying Keeling's petition, in fact considered and specifically rejected Keeling's Fourth Amendment claim. See Keeling v. Shannon, No. Civ.A. 02-4626, 2003 WL 22158814, at *8 (E.D. Pa. Aug. 20, 2003) ("'[T]here existed adequate reasonable suspicion for Appellant's initial detention by the police, and more than ample probable cause for his subsequent arrest, due to his actions of pulling a firearm from a concealed location, pointing it at the officers and shooting it . . . .'" (quoting Commonwealth v. Keeling, No. 481 EDA 2000, slip op. at 17 (Pa. Super. Ct. May 31, 2001)).

the extent that Keeling asks this Court to order his release from prison, he must assert the claim in a habeas petition, not in a § 1983 complaint. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Simply put, naming a different defendant could not have saved Keeling's complaint. The District Court did not abuse its discretion in denying the motion for relief from judgment under Rule 60(b), and therefore we summarily affirm. [4]

---

[4] Keeling's "Motion for Certificate of Appealability," which we construe as a letter in support of this appeal, is denied. A certificate of appealability is not required in actions brought pursuant to § 1983, such as the one at bar. See 28 U.S.C. § 2253(c)(1); Moore v. Pemberton, 110 F.3d 22, 23 (7th Cir. 1997) (per curiam).