**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1566
_____

MICHAEL EVAN KEELING,
                              Appellant

v.

ATTORNEY GENERAL FOR THE
COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 12-cv-02720)
District Judge: Honorable Harvey Bartle, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 8, 2016

Before:  AMBRO, GREENAWAY, JR., and GARTH[♦], <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 25, 2016)
_____

OPINION*[1]
_____

_____

[♦] The Honorable Leonard I. Garth passed away on September 22, 2016 after the submission date, but before the filing of the opinion.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

[1] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Michael Evan Keeling appeals from orders of the District Court denying his motion to reopen the judgment and motion for reconsideration. For the reasons that follow, we will affirm.

On May 17, 2012, Keeling filed an in forma pauperis civil rights action, 42 U.S.C. § 1983, against Linda Kelly, the former Attorney General of Pennsylvania. Kelly filed a motion to dismiss the complaint on multiple grounds pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The District Court granted that motion, ruling that no case or controversy existed since Kelly had no involvement with any of the allegations contained in the complaint. Keeling filed a motion for reconsideration, Fed. R. Civ. P. 59(e), requesting permission to replace Kelly with a new defendant. He identified the police officers and prosecutors involved in his arrest and conviction as possible replacements. The District Court denied the motion.

Keeling then filed a motion for relief from the judgment under Rule 60(b)(1) or 60(b)(6), Fed. R. Civ. P., again requesting permission to replace Kelly with the police officers and prosecutors. The District Court denied that motion as well. Keeling timely appealed the denial of his Rule 60(b) motion. On August 12, 2014, we summarily affirmed, concluding that the District Court did not abuse its discretion because Keeling's proposed amendment would have been futile, see Keeling v. Attorney General, Commonwealth of Pa., 575 F. App'x 16 (3d. Cir. 2014) (Keeling I). We noted that Keeling claimed that his public defenders had been constitutionally ineffective in his

2

defense, but that public defenders are not state actors and thus are not subject to § 1983 liability.  Id. at 17 (citing Polk County v. Dodson, 454 U.S. 312, 325 (1981)).  We noted that Keeling argued that his Fourth Amendment rights were violated when he was arrested in November 1994, but that the statute of limitations for a § 1983 claim arising in Pennsylvania is only two years and had long since expired, id. at 18 (citing Wallace v. Kato, 549 U.S. 384, 397 (2007)).  We noted that, to the extent that success on Keeling's Fourth Amendment claim would imply the invalidity of his conviction, which had never been invalidated, it was barred by the favorable termination requirement of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Id.  Last, we noted that, to the extent that Keeling was seeking to vacate his conviction and secure his release from prison, he would have to rely on a petition for writ of habeas corpus, 28 U.S.C. § 2254, rather than a civil rights action, id. (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)).  Accordingly, we reasoned, naming a different defendant would not have saved Keeling's complaint, and thus the District Court correctly denied him leave to amend.

At issue in this appeal, on December 23, 2015, Keeling filed another Rule 60(b) motion, pursuant to subparagraphs (1), (3), and (6), in his civil rights case.  Keeling argued that the District Court should reconsider its denial of his original Rule 60 motion on the basis of our 2014 decision in Cox v. Horn, 757 F.3d 113, 124-26 (3d Cir. 2014) (change in decisional law in conjunction with equitable considerations could suffice to entitle habeas petitioner to Rule 60(b) relief).  In an order entered on January 11, 2016, the District Court denied the Rule 60 motion as untimely filed.  Keeling then filed a

3

timely motion for reconsideration, Fed. R. Civ. P. 59(e). In an order entered on February 26, 2016, the District Court denied reconsideration.

Keeling appeals. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order denying a Rule 60(b) motion for relief from judgment for an abuse of discretion. See Cox, 757 F.3d at 118. An order denying a Rule 59(e) motion for reconsideration is also reviewed for an abuse of discretion. See Long v. Atlantic City Police Dep't, 670 F.3d 436, 446 (3d Cir. 2012). In his pro se brief Keeling argues that the District Attorney, the Philadelphia Police Department, and the Public Defenders' Office deprived him of his constitutional rights in connection with his prosecution and conviction; that naming the wrong defendant is curable by way of an amendment; that Cox authorizes the filing of his latest Rule 60(b) motion; and that the ballistics evidence used to convict him was unreliable, see Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

We will affirm. The District Court did not abuse its discretion in denying Keeling's Rule 60 motion as untimely filed. Rule 60(c)(1), Fed. R. Civ. P., provides that a "motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order" which the movant seeks to reopen. Judgment was entered in Keeling's civil rights case in an order entered on March 13, 2013, when the District Court, after granting Kelly's motion to dismiss, denied Keeling's timely filed motion for reconsideration. Keeling's December 2015 Rule 60(b) motion was not filed within one year of the District Court's judgment.

4

Therefore, he cannot obtain relief from that judgment pursuant to subsections (1) and (3) of Rule 60, as the District Court correctly held.

A motion under Rule 60(b)(6), which only applies "in cases evidencing extraordinary circumstances," must still be made "within a reasonable time." Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975). Keeling asserts that Cox justifies the timing of his Rule 60(b)(6) motion, and we note that Cox was decided on August 7, 2014, our mandate issued on September 3, 2014, and the United States Supreme Court denied certiorari on March 23, 2015. Cox, however, involved a Rule 60(b)(6) motion filed in the context of a habeas corpus proceeding, see Norris v. Brooks, 794 F.3d 401, 405 (3d Cir. 2015), cert. denied, 136 S. Ct. 1227 (2016), not a civil rights action, and thus does not justify the timing of Keeling's Rule 60(b)(6) motion. See Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1348 (3d Cir. 1987) (Rule 60(b)(6) motion filed almost two years after District Court's judgment was not made within reasonable time).

Keeling's motion for reconsideration was properly denied because he did not show an intervening change in the law, new evidence, or the need to correct a clear error of law. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

For the foregoing reasons, we will affirm the orders of the District Court denying Keeling's Rule 60 motion and motion for reconsideration.