PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

‾‾‾‾‾‾‾‾‾

No. 13-4448

‾‾‾‾‾‾‾‾‾

ERIC D. NORRIS,

Appellant

v.

MARILYN BROOKS; THE DISTRICT ATTORNEY
OF THE COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL
OF THE STATE OF PENNSYLVANIA

‾‾‾‾‾‾‾‾‾

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-06-cv-05509)
District Judge:  Honorable Stewart Dalzell

‾‾‾‾‾‾‾‾‾

Argued June 2, 2015

Before:  RENDELL, HARDIMAN and VANASKIE,
*Circuit Judges*.

(Filed: July 27, 2015)

Arianna J. Freeman (Argued)
Federal Community Defender Office for the Eastern District
     of Pennsylvania
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA 19106
     *Attorney for Petitioner-Appellant*

Susan E. Affronti (Argued)
Molly S. Lorber
Philadelphia County Office of District Attorney
3 South Penn Square
Philadelphia, PA 19107
     *Attorneys for Respondents-Appellees*

_____

OPINION OF THE COURT

_____

HARDIMAN, *Circuit Judge*.

     Eric Norris, a state prisoner in Pennsylvania, petitioned for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania in 2007. The District Court denied the petition, holding that his claim of ineffective assistance of trial counsel was procedurally defaulted during collateral relief proceedings in state court. In 2012, Norris filed a motion for relief from judgment invoking *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), which held that attorney error in collateral proceedings may sometimes excuse the procedural default of a habeas petitioner's ineffective assistance claim. The District Court denied his motion, and Norris appeals.

## I

Norris was arrested by Philadelphia police in June 1999 for committing an aggravated assault about a year earlier. His trial began in the Court of Common Pleas of Philadelphia County in August 2001 and ended in a conviction. At the conclusion of the trial, Norris complained that his counsel had been ineffective, and the court appointed new counsel to argue post-verdict motions. That attorney lodged several claims of ineffective assistance of trial counsel on Norris's behalf, all of which the trial court rejected in December 2001. Norris was ultimately sentenced to 25–50 years' imprisonment pursuant to Pennsylvania's "three strikes" law.

In June 2003, Norris filed a pro se petition for collateral relief in the Court of Common Pleas pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9501 *et seq.*, asserting that trial counsel was ineffective for failing to seek dismissal of the charges on speedy trial grounds. The court then appointed new counsel, J. Matthew Wolfe, who filed an amended PCRA petition on behalf of Norris. The amended petition made claims of newly discovered evidence and ineffective assistance of counsel, including a reassertion of the claim that trial counsel had been ineffective for not seeking dismissal of the charges on speedy trial grounds. The petition asserted that more than three years elapsed between the issuance of the criminal complaint and the beginning of Norris's trial and argued that this delay violated a state procedural rule and the Sixth Amendment of the United States Constitution. The Court of Common Pleas disagreed and dismissed the petition, ruling in pertinent part that the speedy trial issue could not support an ineffective assistance claim because it lacked merit.

In November 2005, Wolfe filed an appeal in the Superior Court of Pennsylvania and abandoned the speedy trial argument despite Norris's insistence that it be included. In two pro se filings, Norris presented the speedy trial argument himself and accused Wolfe of providing ineffective assistance. The Superior Court then directed Wolfe to file a petition for remand analyzing Norris's contentions in order to help the court determine whether to remand the case for appointment of new counsel. *See Commonwealth v. Battle*, 879 A.2d 266, 268–69 (Pa. Super. Ct. 2005) (describing the Superior Court's procedure for handling pro se filings by counseled litigants), *abrogated by Commonwealth v. Jette*, 23 A.3d 1032 (Pa. 2011). The court eventually denied the petition for remand and affirmed the dismissal of the PCRA petition, holding that the speedy trial issue was waived because it was not included in Norris's counseled brief and that Wolfe had not provided ineffective assistance by declining to make that argument. The Supreme Court of Pennsylvania denied review. *Commonwealth v. Norris*, 909 A.2d 1289 (2006).

Norris filed a habeas petition in the District Court in 2007. The sole basis for his petition was the claim that his trial and direct appeal counsel were ineffective in failing to raise the speedy trial issue. The Commonwealth responded that this claim was procedurally defaulted on PCRA appeal and was meritless in any event. In June 2007, the District Court adopted a magistrate judge's recommendation that the petition be denied because of a procedural default.

In March 2012, the Supreme Court decided *Martinez*, holding that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective

4

assistance at trial." 132 S. Ct. at 1315. Less than two months later, Norris filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), arguing that *Martinez* excused the procedural default of his ineffective assistance claim. The Court denied his motion on three grounds: (1) *Martinez* did not apply because Norris's claim was abandoned on collateral appeal, not initial collateral review; (2) *Martinez* alone was not an "extraordinary circumstance" justifying relief from judgment; and (3) Norris's Rule 60(b) motion was an impermissible second or successive habeas petition because it presented claims "identical to those in Norris's prior habeas filing." App. 17. We granted Norris a certificate of appealability.[1]

## II

The question presented is whether the District Court abused its discretion when it denied Norris's Rule 60(b) motion by holding that *Martinez* does not apply to Norris's case.[2]

---

[1] The District Court had jurisdiction under 28 U.S.C. § 2254, and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253. "We review a district court's denial of a Rule 60(b) motion for abuse of discretion." *Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999) (internal quotation marks omitted).

[2] We reach this question because, contrary to the District Court's alternative holding, Norris's Rule 60(b) motion was not an impermissible second or successive habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(b)(1). Although a Rule 60(b) motion that presents substantive claims for relief from a state conviction may run afoul of AEDPA's strictures

A

Rule 60(b) authorizes a district court to grant a party relief from judgment for various specific reasons, as well as "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief is appropriate under this catch-all provision only in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993). The Supreme Court has said that "[s]uch circumstances will rarely occur in the habeas context," *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005), and that "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)," *Agostini v. Felton*, 521 U.S. 203, 239 (1997). To determine whether this is an exceptional case in which a legal development supports Rule 60(b)(6) relief in the habeas context, we must examine how *Martinez*—the legal precedent relied upon by Norris—changed the law of habeas.

In general, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A habeas petition should therefore be denied if it raises claims that were procedurally defaulted in state court. *See Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). This rule yields only when "the prisoner can

on successive habeas petitions, Norris's was not such a motion because it "merely assert[ed] that a previous ruling which precluded a merits determination was in error." *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005).

demonstrate cause for the default and actual prejudice . . . or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

In *Coleman*, the Supreme Court held that attorney error during state collateral proceedings does not constitute cause to excuse the procedural default of a claim later raised in habeas. *Id.* at 752–53. The Court reasoned that "[t]here is no constitutional right to an attorney in state post-conviction proceedings," *id.* at 752 (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)), and when a prisoner has no right to counsel he bears the risk of attorney error causing a procedural default, *id.* at 752–54 (citing *Murray v. Carrier*, 477 U.S. 478 (1986)).

As noted herein, *Martinez* established an exception to the rule in *Coleman* by holding that attorney error in collateral proceedings may sometimes establish cause for the default of a claim of ineffective assistance of trial counsel. 132 S. Ct. at 1315. The *Martinez* Court made clear, however, that this is a "narrow exception." *Id.* Most importantly, the Court stated that the exception applies only to attorney error in initial-review collateral proceedings, not appeals from those proceedings. *Id.* at 1320. And the Court clarified that the exception applies only to cases in which the state formally requires prisoners to raise claims of ineffective assistance of trial counsel on collateral review rather than direct appeal.[3]

---

[3] Dissenting in *Martinez*, Justice Scalia argued that this second limitation on the Court's holding "lacks any principled basis" and predicted that it "will not last." 132 S. Ct. at 1321 n.1. The following Term, the Court ruled in *Trevino v. Thaler* that *Martinez* also applies to situations in which a "state procedural framework, by reason of its design

7

*Id.* The reason for these caveats, it seems, is that the Court was concerned only about cases in which the error of a prisoner's collateral review attorney results in "no state court at any level" hearing the prisoner's claim and the claim being defaulted for purposes of habeas review in federal court. *Id.* at 1316. Outside of these "limited circumstances," *Martinez* made clear that *Coleman* remains the law. *Id.* at 1320.

We considered whether the Supreme Court's decision in *Martinez* could support a habeas petitioner's motion for relief from judgment in *Cox v. Horn*, 757 F.3d 113 (3d Cir. 2014). We held that "*Martinez*, without more, does not entitle a habeas petitioner to Rule 60(b)(6) relief," but that *Martinez* could suffice in conjunction with equitable considerations— for example, the merits of the prisoner's underlying ineffective assistance claim and his diligence in seeking relief. *Id.* at 124–26.

In accordance with our guidance in *Cox*, Norris devotes most of his opening brief to arguing that *Martinez* and various equitable factors entitle him to relief from judgment here. The problem is that an unstated but critical premise of *Cox* and our other Rule 60(b) cases is that a change in the law doesn't even begin to support a Rule 60(b) motion unless the change is actually relevant to the movant's position. *Cf. Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 388 (1992) (holding that a change in the law did not justify Rule 60(b)(5) relief because "the [new] case . . . was immaterial to petitioners"). And unlike in *Cox*, where the

and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." 133 S. Ct. 1911, 1921 (2013).

attorney error cited to excuse the procedural default occurred at the initial-review collateral proceeding, the alleged error here occurred during Norris's collateral appeal, when Wolfe opted not to present the speedy trial issue to the Superior Court.

*Martinez* made very clear that its exception to the general rule of *Coleman* applies only to attorney error causing procedural default during initial-review collateral proceedings, not collateral appeals. 132 S. Ct. at 1316, 1320; *see also Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012). Because Norris's claim of ineffective assistance of trial counsel was presented on initial collateral review and only waived on collateral appeal, we hold that *Martinez* does not justify relief under Rule 60(b)(6).

B

Norris's arguments to avoid this conclusion are unpersuasive. His primary contention is that his ineffective assistance claim was actually defaulted during the initial-review PCRA proceeding because Wolfe inadequately presented the claim to the Court of Common Pleas. We have two problems with this argument.

First, the *Martinez* exception applies only when "an attorney's errors . . . cause[] a procedural default in an initial-review collateral proceeding," 132 S. Ct. at 1318, and we're unconvinced by Norris's conflation of shoddy advocacy and procedural default. Second, given that the District Court concluded in its initial habeas determination that the waiver occurred on PCRA appeal and not on initial review, and that we cannot review that ruling in our review of a Rule 60(b) motion, we must accept as binding the District Court's determination that the speedy trial issue was raised in the initial-review PCRA proceedings. *See Browder v. Dir., Dep't*

9

*of Corr.*, 434 U.S. 257, 263 n.7 (1998) ("[A]n appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.").

Norris's secondary argument is that the procedural default of his ineffective assistance claim must be excused because Wolfe abandoned him and was no longer acting as his agent when the claim was waived on PCRA appeal. He relies on *Maples v. Thomas*, in which the Supreme Court held that a procedural default may be excused "when an attorney abandons his client without notice, and thereby occasions the default." 132 S. Ct. 912, 914 (2012); *see also Holland v. Florida*, 560 U.S. 631, 659 (2010) (Alito, J., concurring in judgment) ("Common sense dictates that a litigant cannot be held constructively responsible for the conduct of an attorney who is not operating as his agent in any meaningful sense of that word."); *Coleman*, 501 U.S. at 753 ("'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him. . . .").

As the Commonwealth points out, however, this argument made its debut in Norris's reply brief and, "[a]s a general matter, the courts of appeals will not consider arguments raised on appeal for the first time in a reply brief." *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 204 n.29 (3d Cir. 1990). Moreover, Norris's allegations against Wolfe fall short of abandonment in any event. He claims that Wolfe failed to keep him sufficiently informed about the Commonwealth's motion to dismiss the PCRA petition, for example, and that Wolfe waived the speedy trial claim on PCRA appeal despite Norris's instructions to the contrary. That is not abandonment. *Cf. Maples*, 132 S. Ct. at 916–17 (counsel changed jobs and dropped the representation without

10

notice); *Holland*, 560 U.S. at 652 (counsel failed to file the prisoner's habeas petition on time and ignored his requests for communication "over a period of years"). We therefore reject Norris's bid to reopen his habeas proceedings, and the order of the District Court will be affirmed.