**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1178
_____

VIZANT TECHNOLOGIES LLC;
JOSEPH BIZZARRO

v.

JULIE P. WHITCHURCH;
*JAMIE DAVIS, individuals,

Appellants

*Dismissed pursuant to Court's Order dated 06/29/2016
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-15-cv-00431)
District Judge:  Honorable Harvey Bartle III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 5, 2017
Before:  SHWARTZ, COWEN and FUENTES, Circuit Judges

(Opinion filed: February 2, 2017)
_____

AMENDED OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Julie Whitchurch appeals from the District Court's entry of summary judgment and a permanent injunction as well as numerous other orders. We will dismiss this appeal in part and will otherwise affirm.[1]

## I.

Whitchurch is a former employee of Vizant Technologies LLC. Following her termination, Vizant and its Chief Executive Officer, Joseph Bizzarro, filed suit against her. They alleged, among other things, that she breached her employment agreement in various respects and created a website falsely accusing Vizant and Bizzarro of fraud and mismanagement in order to discourage others from doing business with them.[2] Among Vizant's claims were claims for breach of contract, misappropriation of trade secrets, defamation, and tortious interference with existing and prospective contractual relations.

In April 2015, the District Court held a hearing and preliminarily enjoined Whitchurch from, inter alia, discouraging others to do business with Vizant. In July 2015, the District Court found Whitchurch in contempt of the preliminary injunction and entered judgment against her for $29,200 in sanctions.

Both sides later moved for summary judgment. On January 8, 2016, the District Court granted Vizant's motion in part on its claims for breach of contract, defamation, misappropriation of trade secrets, and tortious interference. The District Court also

---

[1] Both Whitchurch and Julie Davis were defendants below and both appealed, but we granted Davis's motion to voluntarily dismiss this appeal as to her. Thus, we refer only to Whitchurch without suggesting that she was solely responsible for the conduct at issue.

[2] We will refer to Vizant and Bizzarro collectively as "Vizant" because our disposition does not require us to distinguish between their respective claims.

converted the provision of the preliminary injunction noted above into a permanent injunction.[3]  The District Court based the permanent injunction solely on Vizant's claim for tortious interference.  The District Court denied Vizant's motion for summary judgment as to certain aspects of its claims and as to damages.  Whitchurch then filed the notice of appeal at issue here from the entry of summary judgment, the permanent injunction, and 24 of the District Court's other orders.

Vizant's remaining claims proceeded to a bench trial, at which Whitchurch failed to appear.  Following the trial, the District Court awarded Vizant approximately $2.7 million in damages.  Whitchurch appealed from that final judgment at C.A. No. 16-1824.  Whitchurch, however, did not pay the filing and docketing fees for that appeal or request leave to proceed in forma pauperis.  The Clerk ultimately dismissed her second appeal for that reason.  A motions panel of this Court previously denied her requests for relief in that regard, and the Court has denied rehearing en banc on that issue.

## II.

Vizant has filed a motion to dismiss this appeal for lack of appellate jurisdiction, and we begin by addressing that issue.  As explained above, only Whitchurch's appeal from the entry of summary judgment, the permanent injunction and various other orders remains pending in this Court.  The District Court's entry of partial summary judgment was not appealable under 28 U.S.C. § 1291 when entered because the District Court did

---

[3] The permanent injunction provides in relevant part that Whitchurch is "permanently enjoined from engaging in any conduct or taking any action whatsoever to cause or to discourage any person or entity from doing business, investing in, or maintaining an employment or other relationship with Vizant[.]"  (ECF No. 214 at 1.)

not decide the issue of damages, but Whitchurch's appeal from the entry of summary judgment has ripened now that the District Court has done so. See DL Res., Inc. v. FirstEnergy Sols. Corp., 506 F.3d 209, 216 (3d Cir. 2007) (applying doctrine derived from Cape May Greene, Inc. v. Warren, 698 F.2d 179 (3d Cir. 1983)). Thus, we have jurisdiction over the District Court's entry of summary judgment.[4] We also have jurisdiction under 28 U.S.C. § 1292(a)(1) to review the permanent injunction. See Doeblers' Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812, 819 (3d Cir. 2006).

Whitchurch also appeals from 24 other orders, and we address them in three categories. First, Whitchurch appeals from the District Court's order of April 29, 2015, entering a preliminary injunction (ECF No. 60), and the District Court's order of July 7, 2015, imposing sanctions for her violation of that injunction (ECF No. 109). The first of those orders was immediately appealable under 28 U.S.C. § 1292(a)(1) because it entered an injunction, and the second of those orders was immediately appealable under 28 U.S.C. § 1291 because the District Court directed the entry of final judgment under Fed. R. Civ. P. 54(b). As Vizant argues, however, Whitchurch's notice of appeal was untimely as those orders because she filed it on January 26, 2016, which was long after the applicable 30-day deadline. See Fed. R. App. P. 4(a)(1)(A); Harris v. City of Phila., 47 F.3d 1333, 1338 (3d Cir. 1995). Thus, we lack jurisdiction to review these orders.

---

[4] This jurisdiction does not extend to the District Court's subsequent final judgment because the Cape May Greene doctrine does not permit an appeal to ripen into an appeal from an order entered after the notice of appeal was filed. See Marshall v. Comm'r Pa. Dep't of Corr., 840 F.3d 92, 96 (3d Cir. 2016) (per curiam). Whitchurch recognizes that the District Court's final judgment is not before us. (Appellant's Br. at 19.)

Second, all but one of the remaining orders are interlocutory orders denying various motions, including discovery motions, motions for leave to amend, and motions for sanctions. These orders are not immediately appealable in and of themselves, though they are potentially appealable because our jurisdiction over the permanent injunction extends to orders that are "inextricably bound up with the injunction decision." SEC v. Black, 163 F.3d 188, 194 (3d Cir. 1998) (quotation marks omitted). Similarly, we conclude that Whitchurch's appeal from the interlocutory orders has ripened under the Cape May Greene doctrine to the extent that they are related to Whitchurch's now-ripened challenge to the entry of summary judgment.[5] Thus, we have jurisdiction to review the District Court's discovery and other interlocutory orders to that extent. Those orders include the District Court's orders regarding discovery and motions to strike as to Vizant's expert and the Facebook friend requests discussed below. (E.g., ECF Nos. 36, 100, 101, 107, 146, 147.) Those orders do not include orders such as those denying Whitchurch's motions for leave to assert counterclaims and motions to strike Vizant's evidence of damages, which are relevant only to the final judgment.

Finally, Whitchurch appeals the District Court's order at ECF No. 215, which denied her motion at ECF No. 201. Whitchurch captioned that motion as one under Fed.

---

[5] The Cape May Greene doctrine generally does not permit appeals from interlocutory orders to ripen upon entry of final judgment. See ADAPT of Phila. v. Phila. Hous. Auth., 433 F.3d 353, 364-65 (3d Cir. 2006). We do not appear to have addressed whether the same is true as to appeals from interlocutory orders that are related to an appeal from an entry of partial summary judgment that has ripened and that are mentioned in the same notice of appeal. We conclude that review is appropriate under the specific circumstances of this case. We do not suggest that review will be appropriate in any other.

R. Civ. P. 60, and she sought to vacate the judgment of sanctions at ECF No. 109.  We have jurisdiction to review the denial of Rule 60(b) motions addressed to final judgments, see Torres v. Chater, 125 F.3d 166, 167, 169 (3d Cir. 1997), and the judgment of sanctions was a final judgment as explained above.

In sum, we have jurisdiction to review the (1) entry of summary judgment and related interlocutory orders, (2) the permanent injunction, and (3) the order at ECF No. 215 denying Whitchurch's Rule 60(b) motion.  We lack jurisdiction to review the other orders from which Whitchurch appeals, and we will dismiss this appeal to that extent.

III.[6]

Whitchurch raises a plethora of arguments in her brief.  Vizant argues that she has waived all of them by failing to include the relevant portions of the record in her appendix or by failing to identify them in her statement of issues on appeal.  We decline to deem her arguments waived for those reasons.  Many of Whitchurch's arguments are, however, inadequately supported and otherwise fail to raise any meaningful challenge to the District Court's rulings.  Nevertheless, we have liberally construed Whitchurch's pro se brief and have identified a number of arguments that we will address.  Those arguments, and all of Whitchurch's others, lack merit.

---

[6] We exercise plenary review over the entry of summary judgment and the permanent injunction to the extent that it was based on the entry of summary judgment, but we otherwise review the permanent injunction for abuse of discretion.  See Aleynikov v. Goldman Sachs Grp., Inc., 765 F.3d 350, 357 n.2 (3d Cir. 2014); Doeblers' Pa. Hybrids, 442 F.3d at 819.  We review the District Court's discovery decisions and its denial of relief under Rule 60(b) for abuse of discretion as well.  See Norris v. Brooks, 794 F.3d 401, 403 n.1 (3d Cir. 2015) (Rule 60(b)); ZF Meritor, LLC v. Eaton Corp., 696 F.3d 254, 268 (3d Cir. 2012) (discovery).

## A. Interlocutory Orders Related to Summary Judgment

"[A] party challenging the district court's conduct of discovery procedures bears a heavy burden" of showing that the court abused its "considerable discretion." ZF Meritor, LLC, 696 F.3d at 297 (quotation marks omitted). Whitchurch's discovery-based arguments largely fail to acknowledge the District Court's reasons for its rulings, largely fail to raise anything calling them into question, and are based in large part on misstatements of the record.

For example, Whitchurch argues that the District Court denied her due process by "denying" her an opportunity to depose Vizant's expert witness, David Yarnall, who testified at the preliminary injunction hearing and whose testimony the District Court relied on in entering summary judgment. In fact, however, Whitchurch did not seek to depose Yarnall before the preliminary injunction hearing, did not cross-examine him at that hearing regarding his qualifications, and never sought an order compelling his deposition until after the discovery deadline. (E.g., ECF No. 147.) Whitchurch does not acknowledge those circumstances or argue how the District Court abused its discretion in light of them, and it did not. Whitchurch argues that the District Court erred in refusing to strike Yarnall's testimony as unreliable, but she raises no meaningful argument on that point.

Whitchurch also argues that the District Court erred in disallowing discovery of Bizzarro's wife and minor daughter into Facebook friend requests that Whitchurch denies having sent to them. Vizant moved to quash subpoenas that Whitchurch served on Bizzarro's wife and daughter on the ground that they constituted a continuing pattern of

7

harassment, and the District Court granted that motion. The District Court later denied

Whitchurch's motion to compel such discovery on the ground that Whitchurch failed to

explain its relevance to any claim or defense at issue. (ECF No. 100.) Whitchurch now

appears to argue that this discovery was relevant to a portion of Vizant's defamation

claim because, if she did not send the Facebook requests, then Bizzarro lied by claiming

that she had and her accusations of fraud were true and not defamatory. Even if that issue

were of some marginal relevance, however, we cannot say that the District Court erred in

limiting discovery of Bizzarro's family members under these circumstances.

Whitchurch's specific arguments aside, her brief reads as though the District Court

denied her any discovery of any kind. That is not the case. The District Court granted at

least two of her motions to compel discovery, and she took several depositions, including

Bizzarro's. Whitchurch also had every opportunity to develop the record at the

preliminary injunction hearing. We have reviewed Whitchurch's remaining arguments in

this regard and conclude that the District Court did not abuse its discretion in its

discovery and other reviewable interlocutory rulings, largely for the reasons it explained.

B.    The Entry of Summary Judgment[7]

---

[7] The District Court properly considered testimony given at the preliminary injunction hearing as part of the summary judgment record. See Hancock Indus. v. Schaeffer, 811 F.2d 225, 230-31 & n.2 (3d Cir. 1987). In doing so, the District Court properly declined to rely on its findings at the preliminary injunction stage or to make credibility determinations, and it instead properly applied the summary judgment standard. See Doeblers' Pa. Hybrids, 442 F.3d at 819-20.

In reviewing the District Court's entry of summary judgment, we focus primarily on Vizant's claims for breach of contract and tortious interference because Whitchurch has raised her best-supported arguments at those claims.[8]

The District Court, applying Delaware law, concluded that Whitchurch breached her employment contract and tortiously interfered with Vizant's existing and prospective contractual relations by (among other things) using her website to falsely accuse Vizant of fraud and mismanagement and otherwise disparaging it in order to dissuade its employees and existing and prospective customers from doing business with Vizant. The District Court further concluded that the disparagement adversely affected Vizant's employees and operations, forced Vizant to accept reduced compensation in order to obtain Amtrak's business, and deterred West Capital Management from investing in Vizant.

Whitchurch raises essentially four challenges to these rulings. The first three can be liberally construed as arguments that Vizant's evidence was insufficient to satisfy its burden on summary judgment. First, Whitchurch argues that the testimony of Aeron Sharp regarding the effect of Whitchurch's website on Vizant's employees and operations was inadmissible because it was based on Sharp's "information and belief." (Appellant's Br. at 20.) Whitchurch did not object to Sharp's testimony or even cross-examine her at the preliminary injunction hearing (N.T. 4/14/15 at 182-94; ECF No. 64),

---

[8] The tortious interference claim is the claim that supported the permanent injunction. Whitchurch makes her arguments primarily in connection with the breach of contract claim, but she asserts that she raises "the same arguments" as to the tortious interference claim. (Appellant's Br. at 30.)

and this challenge otherwise lacks merit. Sharp's testimony was based on her personal knowledge and observations. Moreover, Bizzarro testified consistently with Sharp to the effect of Whitchurch's website on Vizant's employees and operations (N.T. 4/14/15 at 148; ECF No. 64), and Whitchurch has not challenged that testimony.

Second, Whitchurch argues that a reasonable jury could question whether her website forced Vizant to accept reduced compensation from Amtrak. Whitchurch relies on Bizzarro's testimony that Amtrak also was concerned about lawsuits that Vizant had filed and that rate reductions were standard. (Appellant's Br. at 8, 21.) Bizzarro, however, squarely testified that Vizant was forced to "drop our rate again" with Amtrak in response to Whitchurch's allegations. (N.T. 4/15/15 at 143; ECF No. 64.) Whitchurch asserts that Bizzarro's testimony "was inconsistent with his deposition testimony," but she does not specify how or cite any evidence in that regard. (Appellant's Br. at 21.)

Third, Whitchurch challenges the testimony of Lane Wiggers that West Capital Management declined to invest in Vizant because of Whitchurch's website. (Appellant's Br. at 8-9, 20.) Wiggers squarely testified to that effect. (N.T. 4/14/15 at 48-49; ECF No. 63.) Wiggers also testified that he received an e-mail from a principal of West Capital Management, and the e-mail (on which the District Court relied) expressly states that the company would not do business with Wiggers (and thus Vizant) solely because of the accusations contained on Whitchurch's website. (Id. at 49; ECF No. 8 at 19.) Indeed, the e-mail mentions Whitchurch's website by name. Whitchurch argues that the e-mail was sent to Wiggers's e-mail address at a company other than Vizant, but Wiggers testified to his various business relationships involving Vizant, and the e-mail's reference

to Whitchurch's website by itself establishes that the e-mail concerned a potential investment in Vizant.

Whitchurch also relies on Wigger's testimony that West Capital Management's investment was only "potential" and that it had not made an actual offer.  (N.T. 4/14/15 at 71-72; ECF No. 63.)  A claim of tortious interference with prospective relations, however, requires only a "reasonable probability of a business opportunity."  Empire Fin. Servs., Inc. v. Bank of N.Y., 900 A.2d 92, 98 n.19 (Del. 2006) (quotation marks omitted). Wiggers's testimony and the e-mail from West Capital Management easily satisfied Vizant's burden on that point, and Whitchurch has not cited any countervailing evidence or otherwise raised any meaningful argument on this issue.  For the same reason, Vizant adequately established an injury in this regard on its breach of contract claim as explained by the District Court.[9]

Finally, Whitchurch appears to argue that Vizant's tortious interference claim is barred by Delaware's economic loss doctrine because it is duplicative of Vizant's claim for breach of contract.[10]  In the District Court, however, she argued only that this claim

---

[9] In addition to her record-based arguments addressed to these claims, Whitchurch argues that she did not burden Vizant's relationship with its board of directors and that her actions were not a factor in Vizant's lost opportunity to do business with a company called Tacoma Screw.  These arguments are irrelevant because the District Court expressly declined to grant Vizant's motion for summary judgment on those points. (ECF No. 212 at 39, 54 n.22.)

[10] In her brief, Whitchurch asserts without elaboration that this claim is "barred by economic loss."  (Appellant's Br. at 30.)  As discussed below, however, Whitchurch argues that Vizant's claim for misappropriation of trade secrets is barred by Delaware's economic loss doctrine.  (Id. at 24-25.)  Thus, we will assume that she intended to raise the same argument regarding Vizant's claim of tortious interference.

was barred by Pennsylvania's separate "gist of the action" doctrine. She did so even though the District Court previously advised her that this claim is governed by Delaware and not Pennsylvania law. (ECF No. 59 at 38.) The District Court rejected that argument on the grounds that Whitchurch could not rely on Pennsylvania's gist of the action doctrine and that Delaware law does not recognize a doctrine by that name.

Whitchurch does not challenge that conclusion or the District Court's application of Delaware law. Instead, she now invokes Delaware's economic loss doctrine as to this claim for the first time on appeal. She also has not raised any meaningful argument on that point by arguing how the doctrine bars Vizant's claim for tortious interference in particular. (Appellant's Br. at 30.) Whitchurch raises a specific economic-loss argument regarding Vizant's claim for misappropriation of trade secrets, which lacks merit as noted in the margin,[11] but Vizant's claim for tortious interference is based on entirely different facts. Thus, Whitchurch has not provided any basis to disturb the District Court's ruling on this point.

Whitchurch also raises several record-based arguments addressed to Vizant's claims for misappropriation of trade secrets and defamation. Regarding misappropriation, the District Court concluded that Vizant's "cost reduction reports"

---

[11] The District Court concluded that Delaware courts have not applied the economic loss doctrine to most intentional torts, including misappropriation of trade secrets. See Commw. Constr. Co. v. Endecon, Inc., No. 08C-01-266, 2009 WL 609426, at *4 & n.21 (Del. Super. Ct. 2009). Whitchurch does not acknowledge that ruling on appeal or cite any countervailing authority, and we have located none. Whitchurch also has not argued that the same principle does not apply to Vizant's tortious interference claim, and we do not decide that issue, but we note that we have not located any Delaware decision applying the economic loss doctrine to a similar claim in a similar context.

constitute trade secrets and that Whitchurch misappropriated them by, inter alia, referring to them on her website. Whitchurch argues both that Vizant (through Bizzarro's testimony) failed to identify any particular trade secret and that her own testimony showed that "the alleged trade secret was generally well known in the relevant industry." (Appellant's Br. at 23.)

These arguments are contradictory. In any event, we have reviewed Bizzarro's and Whitchurch's testimony on this point and conclude both that Vizant adequately established the existence of a trade secret for the reasons that the District Court explained and that Whitchurch's testimony did not create a genuine issue of fact. In particular, Whitchurch's testimony did not rebut Bizzarro's testimony regarding the "method, technique or process" underlying Vizant's preparation of the cost reduction reports. Del. Code Ann. tit. 6, § 2001(4).

Regarding defamation, the District Court concluded that Whitchurch defamed Vizant and Bizzarro in numerous ways, including by making numerous accusations that they were involved in "fraud." Whitchurch argues that her claims of fraud were true because Bizzarro did not disclose the bankruptcies of two prior employers while interviewing with Vizant. Even if Whitchurch's evidence were sufficient to create a genuine issue of fact regarding that alleged nondisclosure, however, that alleged nondisclosure comes nowhere close to rendering true the numerous allegations of fraud detailed in the District Court's opinion. We have reviewed Whitchurch's remaining arguments addressed to summary judgment and conclude that they do not require discussion, largely for the reasons the District Court explained.

## C. Whitchurch's Remaining Arguments

Whitchurch argues that the District Court erred for two reason in converting the preliminary injunction into a permanent injunction. First, she argues that the District Court erred in imposing "a permanent prior restraint against the defendant's speech." (Appellant's Br. at 30.) As Vizant argues, Whitchurch waived any First Amendment claim in that regard by not raising it below. Whitchurch has not raised any meaningful First Amendment argument on appeal in any event. Second, Whitchurch argues that the injunction is improper because Vizant has not adequately identified the trade secrets she misappropriated. This argument is irrelevant because the permanent injunction was not based on Vizant's claim for misappropriation of trade secrets and made no mention of trade secrets. In any event, Whitchurch's arguments on that point lack merit as discussed above.

Whitchurch also argues that the District Court erred in denying her Rule 60(b) motion addressed to the judgment of sanctions for her violation of the preliminary injunction. The District Court denied that motion because Whitchurch merely repeated challenges to the underlying injunction that she had raised before. The District Court did not abuse its discretion in that regard, particularly because the underlying injunction was appealable when entered and Whitchurch could have timely sought review by this Court. See Harris, 47 F.3d at 1338.

The foregoing arguments aside, Whitchurch's brief contains numerous unfounded accusations of judicial bias and misconduct. We have reviewed these arguments, as well as all of Whitchurch's others, and conclude that they lack merit for reasons that do not

14

require discussion. We note only that the District Court ably discharged its duties in managing this litigation, which Whitchurch made unnecessarily difficult by her repetitive filings and her repeated refusals to comply with orders of the court.

## IV.

For these reasons, appellees' motion to dismiss this appeal is granted in part, and we will dismiss this appeal as to all orders except (1) the order entering summary judgment and the interlocutory orders related to that issue, (2) the permanent injunction, and (3) the order at ECF No. 215 denying Whitchurch's Rule 60(b) motion. We will affirm those orders. In light of our partial jurisdiction over this appeal, appellees' motion to sanction Whitchurch for filing an improper appeal is denied. Whitchurch's motion to proceed on the original record is granted to the extent that we have reviewed the original record as necessary to decide this appeal. To the extent that the parties' filings request other forms of relief, they are denied.[12]

---

[12] For example, Whitchurch contends in several recent filings that the transcript of the preliminary injunction hearing is inaccurate, and she requests that we compare the transcript against the audio tapes. Whitchurch has waived this issue by failing to raise it in the District Court or in her opening brief on appeal, and she has shown no basis for the request in any event. Whitchurch also requests that we stay our review of the merits pending a ruling on the parties' outstanding motions, including her motions relating to the original record and her supplemental appendix. Whitchurch's motion for a stay fundamentally misconstrues the nature and effect of previous Clerk's orders in this case. In any event, a stay is not warranted because the Clerk previously granted Whitchurch's request to file a supplemental appendix, we are granting Whitchurch's request to proceed on the original record, and we have considered the parties' filings in resolving this appeal. To the extent that any of Whitchurch's filings can be construed as motions for reconsideration of prior Clerk's orders, or as requests for any other form of relief, they are denied.