DLD-185                                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1128
_____

UNITED STATES OF AMERICA

v.

$47,050.00 IN UNITED STATES CURRENCY

*ROEMON HOWARD, Appellant
*(Pursuant to Rule 12(a) Fed. R. App. P.)

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-02-cv-01683)
District Judge:  Honorable Donetta W. Ambrose

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 19, 2018

Before: JORDAN, SHWARTZ and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  June 7, 2018)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Roemon Howard appeals from an order of the United States District Court for the Western District of Pennsylvania, which denied his motion to reopen a forfeiture proceeding. Because no substantial question is raised by the appeal, we will summarily affirm the District Court's judgment. See LAR 27.4.

In 2003, the District Court granted the United States Government's motion for a final order of forfeiture regarding the currency at issue in this case. Over twelve years later, Howard filed a letter in the District Court asking the court to reopen the matter so that he could contest the forfeiture. On May 5, 2016, the District Court denied the motion, finding no extraordinary circumstances to justify reopening. Howard filed an appeal, but we dismissed the appeal because Howard failed to pay the requisite fee or timely file a motion to proceed in forma pauperis.[1] See C.A. No. 16-3462.

More than a year later, Howard filed in the District Court another "Motion for Return of Property or, in the alternative, Motion to Reopen Judgment," pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The District Court denied the motion, determining that the second attempt to reopen the case was improper, and that even if it were properly filed, he once again failed "to set forth extraordinary circumstances necessary to reopen this forfeiture case initiated over 15 years ago." Dist. Ct. Order, Dkt. #30 at 3 (Jan. 10, 2018). Howard timely appealed.

---

[1] Howard eventually filed a motion to proceed in forma pauperis, but he was informed that the appeal had been dismissed and that he would have to file a motion to reopen the appeal in order to proceed. He did not file such a motion.

2

We have jurisdiction to review the District Court's January 10 order pursuant to 28 U.S.C. § 1291. An appeal from the denial of a Rule 60(b) motion does not permit review of the underlying judgment. See Norris v. Brooks, 794 F.3d 401, 405-06 (3d Cir. 2015). Thus, the only issue before us is whether the District Court abused its discretion in denying Howard's second motion to reopen. See Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002) (denial of motion to reopen reviewed for abuse of discretion).

Because Howard did not perfect his appeal from the order denying his first motion to reopen, we must accept as binding the District Court's conclusion in that order that Howard had failed to explain his failure to claim the funds, and that he had failed to explain why publication notice had been inadequate to inform him of the possible forfeiture. See Norris, 794 F.3d at 405. Further, we agree with the District Court that in his second motion to reopen, Howard once again failed to establish extraordinary circumstances that would warrant reopening the case after 15 years. See Buck v. Davis, 137 S. Ct. 759, 777-78 (2017) (relief under Rule 60's catchall provision only warranted if movant shows "extraordinary circumstances").

As the District Court did not abuse its discretion in denying Howard's second motion to reopen, we will summarily affirm the District Court's judgment.

3