NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 17-1115, 17-1116, 17-1117, 17-1118, 17-1119, 17-1120 and 17-2891
_____

DAVID SHAUN NEAL,
　　　　　　Appellant in 17-1115

v.

ASTA FUNDING, INC.

v.

ROBERT F. COYNE
_____

DAVID SHAUN NEAL

v.

ASTA FUNDING, INC.

v.

ROBERT F. COYNE,
　　　　　　Appellant in 17-1116
_____

ASTA FUNDING, INC.

v.

DAVID SHAUN NEAL;
ROBERT F. COYNE;
NEW WORLD SOLUTIONS, INC.

Robert F. Coyne,
　　　　　　Appellant in 17-1117

_____

ASTA FUNDING, INC.

v.

DAVID SHAUN NEAL;
ROBERT F. COYNE;
NEW WORLD SOLUTIONS, INC.

David Shaun Neal,
Appellant in 17-1118 & 17-2891
_____

DAVID SHAUN NEAL,
Appellant in 17-1119

v.

ASTA FUNDING, INC.
_____

ROBERT F. COYNE,
Appellant in 17-1120

v.

ASTA FUNDING, INC.
_____

On Appeal from the District Court
for the District of New Jersey
(D.N.J. Nos. 2-13-cv-06981, 2-14-cv-02495, 2-14-cv-03550 & 2-14-cv-03932)
Honorable Kevin McNulty, U.S. District Judge
_____

Submitted Under Third Circuit LAR 34.1(a)
November 5, 2018

Before: HARDIMAN, KRAUSE, and GREENBERG, *Circuit Judges*

(Opinion filed: November 8, 2018)

_____

OPINION[*]

_____

KRAUSE, *Circuit Judge*.

This appeal arises from a dispute over the validity of an arbitration award in favor of Appellee ASTA Funding Inc. (ASTA) based on several fraud-related claims against Appellants David Shaun Neal and Robert F. Coyne. Appellants challenge the District Court's grant of summary judgment in favor of ASTA and its denial of their Rule 60(b) motion. We will affirm the District Court's orders.

## I.    Background

### A.    The Parties and Their Dispute

ASTA hired Neal for an IT service position as an independent contractor through an entity run by Coyne, and did additional business with other entities controlled by Neal and Coyne. Among these entities were New World Solutions, Inc. (NWS), which entered into an IT services agreement (ITS Agreement) with ASTA, and Sun Interactive Services, Inc. (SIS), which Coyne controlled and which ASTA retained on Neal's recommendation to provide computer-network monitoring services. ASTA contends that during the course of its relationship with these entities, Neal and Coyne committed fraud and other misconduct.

### B.    Arbitration and District Court Proceedings

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

After ASTA filed an arbitration action against NWS, Neal, and Coyne pursuant to an arbitration clause in the ITS Agreement, asserting fraud, breach of contract, and other claims, Neal and Coyne objected that the claims against them were not arbitrable because neither of them signed the ITS Agreement and that the question of arbitrability, in any event, must be resolved by a court, not by the arbitrator. The arbitrator disagreed, concluding that the issue was his to decide and that both Neal and Coyne were personally bound by the ITS agreement under a veil-piercing/alter-ego theory, among others.

The arbitrator ultimately issued a liability award of over $3 million against Neal and Coyne, which they sought to vacate, and which ASTA sought to confirm. The parties filed cross-motions for summary judgment. The District Court found that the claims against Neal and Coyne were arbitrable and granted summary judgment to ASTA. It also denied Appellants' subsequent motions for reconsideration and for relief from judgment under Rule 60(b).

## II.    Discussion[1]

Appellants challenge the District Court's grant of summary judgment, denial of reconsideration, and denial of relief under Rule 60(b), raising three arguments. None is persuasive.

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332(a). This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(1)(D). We review de novo the District Court's order granting summary judgment. *See, e.g.*, *Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 809 F.3d 746, 753 (3d Cir. 2016). We review the District Court's order denying Appellants' Rule 60(b) motion for abuse of discretion. *See, e.g.*, *Norris v. Brooks*, 794 F.3d 401, 403 n.1 (3d Cir. 2015).

4

*First*, Appellants contend that the District Court erred by applying federal law, instead of New Jersey law, in finding that it was proper for the arbitrator to decide whether Neal and Coyne were individually bound by the ITS Agreement—that is, whether the claims against them were arbitrable. Under New Jersey law, according to Appellants, "an arbitrator can never find his own jurisdiction." Appellants' Br. 14. The problem with Appellants' contention is that the District Court permitted the parties to take discovery and made its own independent determination that the claims against Neal and Coyne were arbitrable.[2] Thus, even assuming arguendo that the parties did not delegate the question of arbitrability to the arbitrator, such that the court was required to "decide that question just as it would decide any other question that the parties did not submit to arbitration, namely, independently," *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995), here, the District Court did just that. In short, there is no further remedy to which Appellants would be entitled.[3]

*Second*, Appellants contend that three types of damages awarded against them were not authorized by the ITS Agreement: (1) what Appellants call "indirect" damages, referring to damages arising from claims concerning fraud related to transactions with the

[2] Like the arbitrator, the District Court based its conclusion that the ITS Agreement was binding on Neal and Coyne—rendering the merits of their dispute arbitrable—on several independent theories, including a veil-piercing/alter-ego theory.

[3] Notably, Appellants do not challenge any of the bases upon which the District Court determined that the dispute was arbitrable, such as the District Court's finding that they were bound to the ITS Agreement under a veil-piercing/alter-ego theory. While they remark that the District Court erroneously "relied on *Encap Golf* heavily to determine that Rule 8 of the AAA rules can be used to compel nonparties to arbitrate," Appellants' Br. 19, the District Court did not in fact rely on that case for that proposition, and Appellants take no issue with the myriad other bases for the District Court's determination that the dispute was arbitrable.

SIS entity; (2) punitive damages; and (3) attorney's fees. Though Appellants fault the District Court for "ignor[ing]" their arguments on these issues, Appellants' Br. 21, Appellants did not raise the same arguments below. As to damages arising from SIS fraud claims, Appellants only raised arguments that are, at most, tangentially related to the arguments they now raise on appeal, and they offer no rebuttal to ASTA's contention that these are new arguments. As to punitive damages and attorney's fees, Appellants fail to cite any place in the record where they raised these particular issues, arguing instead that they preserved them by challenging the arbitration award generally. That is simply not the law, and these arguments are therefore waived. *See In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 261–62 (3d Cir. 2009).

*Finally*, Appellants posit that the District Court erred by denying their Rule 60(b) motion. At the outset, the relief sought by Appellants' Rule 60(b) motion is not entirely clear. The motion purports to seek relief from the District Court's own order granting summary judgment. *See* Memorandum of Law in Support of Respondent's Motion Pursuant to FRCP 60(B), Case No. 2:14-cv-02495, ECF No. 64-1, at 1 (May 1, 2017). Yet the substance of the motion concerns allegations that the arbitration award—not the District Court's judgment—was procured through fraud. Regardless of what relief the motion sought, we see no basis to conclude that the District Court erred by denying it, as the motion merely makes unsubstantiated accusations that ASTA lied at various points during the arbitration and does not present the "extraordinary justifying circumstances" that could warrant relief under Rule 60(b). *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (citation omitted). And while Appellants' brief takes issue with several of the

6

District Court's particular criticisms of their motion, it ultimately fails to offer any specific explanation as to how the District Court abused its discretion or to address the District Court's central reasons for denying their motion.

## III.    Conclusion

For the foregoing reasons, we will affirm the District Court's grant of summary judgment, denial of reconsideration, and denial of Appellants' Rule 60(b) motion.