**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1638
_____

DANIEL STOFFA,
                    Appellant

v.

MICHAEL ZAKEN, Superintendent SCI Greene;
DISTRICT ATTORNEY OF FAYETTE COUNTY;
ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2:22-cv-00621)
Magistrate Judge:  Honorable Patricia L. Dodge
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 20, 2025
_____

Before:  PHIPPS, CHUNG, and ROTH, <u>Circuit Judges</u>

(Filed: July 30, 2025)
_____

OPINION[*]
_____

CHUNG, <u>Circuit Judge</u>.

---

[*]     This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Daniel Stoffa appeals the District Court's[1] denial of his habeas petition. Stoffa cannot overcome the deferential standard set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which allows relief only when a state court's decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). We will therefore affirm the District Court.

I.      BACKGROUND[2]

Daniel Stoffa was convicted by a jury in 2018 of multiple counts of rape, indecent assault, aggravated indecent assault, and involuntary deviate sexual intercourse for repeatedly raping three sisters, ranging in age from six to sixteen at the time of the crimes. He was sentenced to 20–40 years' imprisonment. Stoffa appealed, and the Superior Court of Pennsylvania affirmed the judgment. Stoffa did not seek review by the Pennsylvania Supreme Court. In May 2019, Stoffa filed a petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), raising several claims including the ineffective assistance of counsel ("IAC") claim he raises now: that his trial counsel was ineffective because he should have removed a biased juror, Juror 400, for cause.

During voir dire, the trial court asked prospective jurors, "[i]s there anything about the nature of this case or the crime itself, which would [cause] you to be biased in your deliberations against the defendant?" and several prospective jurors, including Juror 400,

---

[1]     The term "District Court" in this opinion refers to the Magistrate Judge, who presided over this matter with the consent of the parties.

[2]     Because we write for the parties, we recite only the facts pertinent to our decision.

2

raised their hands.  Appx. 50.  When asked, "[D]o you believe that you would be unable to serve as a fair and impartial juror?", Juror 400 answered, "[p]robably."  Id. at 52.  Juror 400 also answered affirmatively when asked if he or a member of his household was "involved with any child advocacy group," and raised his hand when the jurors who answered affirmatively were asked if their involvement with children would make them unable to serve fairly and impartially as a juror.  Id. at 53–54.  Stoffa's counsel did not move to strike Juror 400 for cause.

At the PCRA hearing, counsel explained that he thought Juror 400 falsely stated that he could not be fair because Juror 400 wanted to get out of jury duty.  Stoffa's counsel further explained that the defense strategy was that the children were lying and that he told Stoffa that Juror 400 would be good for the defense because Juror 400 was a teacher and judged children daily.  The PCRA Court denied Stoffa's petition, and the Superior Court affirmed.  In April 2022, Stoffa filed a petition for a writ of habeas corpus in the Western District of Pennsylvania, arguing that his trial counsel was ineffective for failing to strike Juror 400 after he said he could not be fair and impartial.  We issued a certificate of appealability and this appeal followed.

3

II.    DISCUSSION[3]

To obtain habeas relief on his IAC claim, Stoffa must demonstrate that he can overcome AEDPA's highly deferential standard of review.[4]  Specifically, Stoffa must show that the Superior Court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. 2254(d)(1).  Strickland v. Washington sets forth the "clearly established Federal law" regarding ineffective assistance of counsel.  466 U.S. 668 (1984).  Under Strickland's two-pronged test, a defendant must first show that trial counsel was deficient and, if so, that the deficient performance prejudiced the defendant. Id. at 687.  At the first prong, trial counsel's strategic decisions "made after thorough investigation of law and facts … are virtually unchallengeable[.]"  Id. at 690.  At the second prong, prejudice is shown if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

---

[3]    The District Court had jurisdiction over the petition for a writ of habeas corpus under 28 U.S.C. § 2254.  We have jurisdiction over this appeal under 28 U.S.C. §§ 1291 and 2253.  We review the District Court's decision de novo "because no evidentiary hearing was held."  Eley v. Erickson, 712 F.3d 837, 845 (3d Cir. 2013).

[4]    When "considering a § 2254 petition, we review the 'last reasoned decision' of the state courts on the petitioner's claims."  Simmons v. Beard, 590 F.3d 223, 231–32 (3d Cir. 2009) (quoting Bond v. Beard, 539 F.3d 256, 289–90 (3d Cir. 2008)).  In this case, that would be the Superior Court's decision.  We review the Superior Court's decision under a "highly deferential standard … which demands that state-court decisions be given the benefit of the doubt."  Eley, 712 F.3d at 845 (internal quotations omitted).

The Superior Court resolved Stoffa's claim by focusing on the second Strickland prong and found that Stoffa failed to establish prejudice. It found that, even if Juror 400 were removed and replaced with an unbiased juror, there was no reasonable probability that his trial's outcome would have been different due to the overwhelming evidence against Stoffa. Stoffa argues that this was error, not because there was a reasonable probability of a different outcome, but because juror bias is a structural error and as such, the Superior Court should have presumed he suffered prejudice.[5]

We read Stoffa's argument to be that the Superior Court's finding was "contrary to" "clearly established law" because it "contradict[ed] [] governing law" that, Price v. Vincent, 538 U.S. 634, 640 (2003) (internal quotations omitted), upon collateral review of an ineffectiveness claim, prejudice is presumed for structural errors that lead to fundamental unfairness at trial, even when there is no reasonable probability that the outcome of trial would have been different absent the error. In order to prevail on that argument, Stoffa must first demonstrate that there is clearly established law, i.e., a Supreme Court holding, that a finding of prejudice upon collateral review of an

---

[5] "[T]he defining feature of a structural error is that it affects the framework within which the trial proceeds, rather than being simply an error in the trial process itself." Weaver v. Massachusetts, 582 U.S. 286, 295 (2017) (internal quotations omitted). While some errors are considered structural because they lead to "fundamental unfairness," other errors are considered structural for different reasons (e.g., the error is of a type that its "effects are simply too hard to measure.") Id. at 295–96. "An error can count as structural even if the error does not lead to fundamental unfairness in every case." Id. at 296.

In making this argument, Stoffa assumes that Juror 400 was biased. We do not decide that issue and proceed on the same assumption.

5

ineffectiveness claim is mandatory when defense counsel fails to object to the seating of a biased juror. Andrew v. White, 145 S. Ct. 75, 81, 82–83 (2025) ("A legal principle is clearly established for purposes of AEDPA if it is a holding of [the Supreme] Court," including if the legal principle is "indispensable to the decision[.]"). Stoffa must then demonstrate that the Superior Court's decision was contrary to, or an unreasonable application of, that Supreme Court holding. Harrington v. Richter, 562 U.S. 86, 100 (2011).

Stoffa identifies no Supreme Court holding clearly establishing that trial counsel's failure to strike a biased juror creates a presumption of prejudice, obviating the need to establish a reasonable probability of a different outcome – the burden a petitioner must ordinarily meet to gain relief. Instead, he cites Weaver v. Massachusetts, 582 U.S. 286 (2017), and claims that the Supreme Court has clearly established the more general proposition that a finding of prejudice is mandatory in all instances where structural error leads to fundamental unfairness.

This argument was first raised in Stoffa's appellate reply brief and is accordingly doubly forfeited, having never been raised before the District Court nor in Stoffa's opening brief here. See Del. Nation v. Pennsylvania, 446 F.3d 410, 416 (3d Cir. 2006); Norris v. Brooks, 794 F.3d 401, 406 (3d Cir. 2015). Even if this argument were not forfeited, it would fail because Weaver does not stand for the proposition asserted by Stoffa, much less clearly establish it. The Supreme Court in Weaver did not hold that habeas "relief [] must be granted if … [a structural error] rendered the trial fundamentally unfair," "even if there is no showing of a reasonable probability of a different

6

outcome[.]" Weaver, 580 U.S. at 300. Rather, the Supreme Court *assumed* that relief was due under those circumstances for "analytical purposes[.]" Id.; see also id. at 306 (Thomas, J., concurring). Thus, Stoffa cannot rely on Weaver to demonstrate that a Supreme Court holding clearly established that a finding of prejudice was mandatory in his case.

While Stoffa also cites a number of circuit court decisions as clearly establishing Federal law that the seating of a biased juror alone is enough to establish prejudice, see, e.g., Hughes v. United States, 258 F.3d 453, 463–64 (6th Cir. 2001), the Supreme Court has "repeatedly emphasized [that] circuit precedent does not constitute 'clearly established Federal law'" for AEDPA purposes. Glebe v. Frost, 574 U.S. 21, 24 (2014) (quoting § 2254(d)(1). Moreover, "Circuit precedent cannot 'refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that [the Supreme] Court has not announced.'" Lopez v. Smith, 574 U.S. 1, 7 (2014) (quoting Marshall v. Rodgers, 569 U.S. 58, 64 (2013)).

In sum, Stoffa fails to establish that the Superior Court unreasonably applied clearly established Federal law in determining that Stoffa did not demonstrate Strickland prejudice and we will affirm the District Court's dismissal of his petition.[6]

III.    CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[6]    Because we will affirm the District Court's dismissal based on Strickland's second prong, we need not consider the first prong issue of deficient performance.

7