**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4389
_____

RICKY LEAKE

v.

JEFFREY N. DILLMAN,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-10-cv-07406)
District Judge: Hon. Berle M. Schiller
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 23, 2014

BEFORE: FUENTES, GREENBERG AND COWEN,  Circuit Judges

(Filed: December 5, 2014)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

COWEN, Circuit Judge.

The Commonwealth has appealed the District Court's order adopting the magistrate judge's report and recommendation (the "R&R"). The magistrate judge recommended granting the petition for habeas corpus filed by petitioner-appellee, Ricky Leake ("Petitioner"), in the United States District Court for the Eastern District of Pennsylvania. Because we conclude that Petitioner's claims are procedurally defaulted, we will reverse.

**I.**

Because we write solely for the parties, we will only set forth the facts necessary to inform our analysis.

Petitioner, a state prisoner, was convicted following a jury trial with his co-defendant Carl Murphy. He filed a *pro se* petition under the Pennsylvania Post Conviction Relief Act ("PCRA"). Counsel was appointed and filed an amended petition asserting various claims of ineffective assistance of counsel. The PCRA petition was dismissed. Petitioner filed an appeal with the Pennsylvania Superior Court. In its order dismissing the petition, the Superior Court affirmed the PCRA Court, concluding that Petitioner had failed to meaningfully develop any of his claims of ineffective assistance of counsel and was therefore not entitled to any relief. The Pennsylvania Supreme Court later denied the petition for allowance of appeal.

Petitioner then filed a petition for a writ of habeas corpus in federal court, reiterating his claims of ineffective assistance of counsel. The matter was referred to a federal magistrate who, in the R&R, recommended the petition be granted. The District

2

Court approved and adopted the R&R. The Commonwealth's appeal followed.

## II.

As an initial matter, there is no merit to Petitioner's argument that we should not consider the issue of procedural default because the district court did not grant a certificate of appealability as to that issue. As previously noted, "[t]he Commonwealth is not required to obtain a certificate of appealability in order to appeal the District Court's decision to grant [a petitioner's] petition for writ of habeas corpus." *Wilson v. Beard*, 589 F.3d 651, 657 (3d Cir. 2009). We therefore consider whether Petitioner's claims are procedurally defaulted.

The R&R concluded that Petitioner had fairly presented his claims of ineffective assistance to the state courts. But even when a petitioner asserts a claim in state court, federal habeas courts "'will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Lambrix v. Singletary*, 520 U.S. 518, 522 (1997) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

The Superior Court here deemed waived all of Petitioner's claims of ineffective assistance of counsel due to his "failure to meaningfully develop these claims . . . and to support them with appropriate legal authority." (App. at 279 (Superior Court opinion) (citing *Commonwealth v. Bracey*, 795 A.2d 935, 940 n.4 (Pa. 2001)) (noting in the context of the PCRA that "an undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not

3

satisfy Appellant's burden of establishing that he is entitled to any relief.").); *see also* Pa. R. A. P. 2119(a) (requiring that each question to be argued be "followed by such discussion and citation of authorities as are deemed pertinent."). The Commonwealth has argued that because the Superior Court deemed Petitioner's claims waived, its decision rested on an independent and adequate state law ground. Accordingly, it asserts Petitioner's claims are procedurally defaulted and barred from habeas review. Petitioner did not respond to these arguments in his opposition brief. For the reasons detailed below, we find the Commonwealth's arguments persuasive and conclude that Petitioner's claims are procedurally defaulted.

A state procedural rule is "independent" if it is separate from the federal issue. Here, it is beyond dispute that the Superior Court's determination that Petitioner had waived his claims was pursuant to state law, and was separate from the federal issues before it. *See Cabrera v. Barbo*, 175 F.3d 307, 313 (3d Cir. 1999) ("[T]he basis for the state court's rejection of the ineffective assistance of counsel claims was state court procedural default . . . Clearly, this disposition was an independent state ground."). Moreover, a state procedural rule is adequate if it was "firmly established and regularly followed" at the time of the alleged procedural default. *Ford v. Georgia*, 498 U.S. 411, 424 (1991). To be considered firmly established and regularly followed, "(1) the state procedural rule [must] speak[ ] in unmistakable terms; (2) all state appellate courts [must have] refused to review the petitioner's claims on the merits; and (3) the state courts' refusal in this instance [must be] consistent with other decisions." *Nara v. Frank*, 488

F.3d 187, 199 (3d Cir. 2007). This test is met here.

The requirement that Petitioner must meaningfully develop his arguments on appeal and cite to appropriate authorities has been stated in unmistakable terms by the Pennsylvania Supreme Court, *see Commonwealth v. Clayton*, 816 A.2d 217, 221 (Pa. 2002) ("[I]t is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal"), and is embodied in the state's rules of appellate procedure, *see* Pa. R. A. P. 2119(a). Moreover, the Superior Court refused to consider Petitioner's claims on the merits and its refusal is consistent with other decisions. *See Bracey*, 795 A.2d at 940 n.4, *Clayton*, 816 A.2d at 221. We conclude that the Superior Court's decision was based upon an independent and adequate state law ground. *See Nara*, 488 F.3d at 199.

Moreover, "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). This remains true even if the state procedural ruling is incorrect. *Estelle*, 502 U.S. at 71–72; *see also Kontakis v. Beyer*, 19 F.3d 110, 117 n.12 (3d Cir. 1994) (reminding that "a state court's misapplication of its own law does not generally raise a constitutional claim.") (citation omitted). Thus, even if the Superior Court incorrectly deemed waived certain of Petitioner's ineffective assistance claims – a point Petitioner does not argue here – habeas relief would not be warranted, as it is "well established that a state court's misapplication of its own law does not generally raise a constitutional claim. The federal courts have no supervisory authority over state judicial proceedings and may

5

intervene only to correct wrongs of constitutional dimension." *Taylor v. Horn*, 504 F.3d 416, 448 (3d Cir. 2007); *see also id.* (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)) ("Even assuming the state court failed to follow the law of Pennsylvania, in this federal habeas case, we are limited to deciding whether [the petitioner's] conviction and sentence 'violated the Constitution, laws, or treaties of the United States.'").

Notwithstanding that an adequate and independent finding of procedural default will bar federal habeas review of the federal claim, a petitioner can avoid the bar by showing "cause for the default and prejudice attributable thereto," or by "demonstrat[ing] that the failure to consider the federal claim will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989). Petitioner has not asserted, much less demonstrated, any cause or prejudice, nor has he argued that he will suffer any fundamental miscarriage of justice as a result of this court's failure to review his claim. We conclude that Petitioner's claims of ineffective assistance are procedurally defaulted and are therefore precluded from review.

**III.**

For the foregoing reasons, we vacate the District Court's order and judgment dated October 8, 2013 and remand for further proceedings consistent with this opinion.