McHUGH, J.
This is an action seeking a writ of habeas corpus brought by a state prisoner, Mark Lee-Purvis, proceeding pro se.Petitioner raises six claims, and I adopt the well-reasoned Report and Recommendation of the Magistrate Judge recommending *669 that the petition be denied. But I will nonetheless address one of the claims separately because I am not certain that waiver of the issue raised can be presumed.
Petitioner was initially arrested and charged with a violation of the Uniform Firearm Act as a result of another person's cooperation with law enforcement. Although those charges were ultimately dismissed as untimely, Lee-Purvis was convicted of Retaliation against a Witness, Witness Intimidation, Terroristic Threats and Conspiracy, because of several Facebook entries he posted online prior to his pre-trial hearing.
Petitioner argues that trial counsel was constitutionally ineffective because he failed to move to suppress the Facebook posts under the fruit of the poisonous tree doctrine, on the theory that the evidence resulted from an unlawful arrest.
The Pennsylvania Superior Court did not consider this claim on the merits because it concluded that Petitioner did not comply with Pennsylvania Rules of Appellate Procedure 2119(a) ("Rule 2119(a)"). Accordingly, the Report of the Magistrate Judge recommends that I consider this claim waived on the basis of an independent and adequate procedural state ground. The authority cited in the Report, Leake v. Dillman, 594 Fed.Appx. 756, 759 (3d Cir. 2014) and Nguyen v. Wenerowicz, 2013 WL 6473264, *5 (E.D. Pa. 2013), certainly supports such a conclusion.
But I am concerned that some further inquiry may be required by the Third Circuit's precedential decision in Rolan v. Coleman, 680 F.3d 311, 319 (3d Cir. 2012). In Rolan, a district court had accepted the state court's conclusion that an issue was waived under Rule 2119(a), but the Court of Appeals rejected this approach and looked to the petitioner's brief before the Pennsylvania Superior Court. Upon review, the Third Circuit concluded that the petitioner "sufficiently identified his claim for the [Superior Court]," and was therefore in substantial compliance with Rule 2119(a), and proceeded to resolve the petition on the merits. 680 F.3d at 318-19. This suggests that under appropriate circumstances the district court may be obligated to make an independent determination of waiver. SeeCharleston v. Gilmore, 305 F.Supp.3d 612, 636-37 (E.D. Pa. 2018).
1 Mindful of Rolan, having reviewed Petitioner's PCRA briefing, I am persuaded that his argument was sufficiently clear to avoid waiver. Rule 2119(a) states that "[t]he argument shall be divided into as many parts as there are questions to be argued, and shall have at the head of each part-distinctive type or type distinctively displayed-the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Petitioner submitted an eight-part brief with a table of contents listing each of the headers and sub-headers. The headers and sub-headers were bolded and separated from the main text by additional spacing. The sub-header for the section advancing the argument for Claim One was consistent with that. In that section, Petitioner set forth detailed factual allegations, with several citations to the record, and cited cases he argued would render the fruit of the poisonous tree doctrine applicable in this context. Against that backdrop, Petitioner sufficiently identified his claim for the Superior Court, thereby substantially complying with Rule 2119(a).
His claim nonetheless fails on the merits. In order to succeed on an ineffective assistance of counsel claim, Lee-Purvis must show both that counsel's representation fell below an objective standard of representation, and that counsel's deficient performance deprived him of a fair trial. Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
*670 I conclude that trial counsel's representation was objectively reasonable, and that it did not prejudice Petitioner's defense.
2 Petitioner's argument that his trial counsel was ineffective for failing to move to suppress the Facebook posts is based on an erroneous premise and otherwise lacks support. It assumes that because the firearms charge was dismissed, other evidence gathered by law enforcement is necessarily tainted as fruit of the poisonous tree. This is incorrect because the mere fact that charges are later dismissed does not mean that there was no probable cause to arrest. Second, as Petitioner himself acknowledges, the Facebook evidence was seized after his arrest as part of a follow-on investigation into potential witness intimidation before his preliminary hearing, and was seized by means of a search warrant. Pet. 36, ECF No. 1 (stating that the Facebook posts appeared prior to the December, 2011 preliminary hearing, and that "Agent Dietz prepared and served a search warrant on Facebook.com"). Petitioner does not proffer any argument that probable cause was lacking for issuance of the warrant, and it is not apparent how trial counsel would have had any good faith basis on which to move for suppression.
For the reasons set forth in the Report and Recommendation, and following this additional analysis as to the merits of claim one, the Petition will be denied in its entirety.
REPORT AND RECOMMENDATION
February 5, 2018
CAROL SANDRA MOORE WELLS, UNITED STATES MAGISTRATE JUDGE
Presently before the court is a Petition for a Writ of Habeas Corpus filed by Mark Lee-Purvis ("Petitioner"), pro se , pursuant to 28 U.S.C. § 2254. Petitioner challenges Philadelphia County convictions that resulted in his sentence of five to twelve years. He seeks habeas relief based upon several allegations of ineffective assistance of counsel and an alleged error in the admission of evidence. The Honorable Gerald A. McHugh referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Petitioner not receive habeas relief.
I. PROCEDURAL HISTORY[1]
The facts leading to Petitioner's conviction and sentence are as follow:
In late 2008, Tyrell Ginyard was arrested on charges of violating the Uniform Firearms Act. Shortly thereafter, he began providing information about several illegal gun sales he had made in 2004, including two to [Petitioner], in order to mitigate his own exposure.
On September 5, 2011, shortly before the preliminary hearing in this matter, [Petitioner] posted to his Facebook page an image of a rat with a ring around it and line through it that said "I hate rats" and "No rats allowed." The caption to the photo read "Tyrell Ginyard is a RAT ... he frequents North Philly, lives in West Philly and is about to have a baby from a girl in South Philly (5th Street) ... he tries to fit into everybody's set and engage in all types of illegal activity in hopes of making people think he's thorough ... BEWARE ... He'll even lie on you to cut himself a sweet deal ... I got a two-page affidavit *671 to prove it ... ANYBODY who knows him should expose [him] just like me and bring the rat outta hiding." The caption then contained a hyperlink to Tyrell Ginyard's publicly available trial docket sheet and said "Here's a copy of his court docket sheet ... look at his charges and then look at the Nolle Prossed's ... everything else is self-explanatory ... if U don't understand it inbox me and I'll be happy to walk you through it ... I'll have a pic of this crumb later ... Thank You ... that's my PSA for today."
Three days later, on September 8, 2011, [Petitioner] posted a picture of Ginyard with the words "RAT BOY A/K/A TYRELL GINYARD" written across the picture and the word "Rat" made to look as if it was part of Ginyard's necklace. The caption to the picture read "I told y'all I was gonna get a pic of this crumb ... RAT-BOY !!!!!" Ginyard informed Special Agent Martin Dietz of these Facebook photos. On September 23, 2011, Special Agent Dietz prepared and served a search warrant on Facebook.com for information related to the user "MIZ ASSAPPA PURVIS AKA MARK-LEE PURVIS."
A search of [Petitioner's] publically-available Facebook page revealed that on December 10, 2011, [Petitioner] posted a picture of a fist with the middle finger extended which said, [a string of profane expressions]. Below the picture, but still part of the image it read, "this is a personal message from ME to the following [a profanity] Detective Martin Dietz, and Police Informant Tyrell Ginyard. Y'all plan backfired [a profanity] ... now look who's laughing ... Ha-Ha-Ha-Ha-Ha-Ha ..." The caption to the photo read "if ya name ain't on this poster and it should be-don't think you dodged a bullet ... I'll get around to you eventually."
Each of these items posted to Facebook account number 100000261860316, a unique user account bearing the name "Miz Asappa Purvis" and containing several photographs of [Petitioner] as well as other information, including business information and an email address, identifying [Petitioner] as the person to whom the account corresponds.
[Petitioner] initially evaded officers who attempted to arrest him at his home on March 10, 2012, using the roof of an adjoining house to get away. He surrendered with his attorney shortly thereafter and was taken into custody on March 14, 2012.
Commonwealth v. Lee-Purvis , 2014 WL 10986255, at *1-*2 (Pa. Super. Ct. Feb. 7, 2014). At trial, the gun offenses were dismissed, because the statute of limitations for them had expired. Id. at *3 (Trial Court opinion).[2] On September 19, 2012, Petitioner was convicted of retaliation against a witness, intimidation of a witness and terroristic threats. Id. at 1. He was subsequently sentenced to an aggregate term of incarceration of five to twelve years. Id. at 2. On February 7, 2014, the Superior Court rejected Petitioner's challenges to his conviction by adopting the trial court's reasoning and opinion.[3]
*672 Id. at 2-3. Petitioner did not seek allowance of appeal ("allocatur ") from the Pennsylvania Supreme Court. Commonwealth v. Lee-Purvis , No. 3641 EDA 2015, slip op. at 4, 2016 WL 5375846 (Pa. Super. Ct. Sept. 23, 2016) (" 2016 Super. Ct. Op.").
On May 19, 2014, Petitioner filed a pro se petition for state collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541 -46. 2016 Super. Ct. Op. at 4. Appointed counsel, subsequently, filed an amended petition. Id. Next, on August 13, 2015, retained counsel entered his appearance; the PCRA court granted his request to adopt the previously filed amended petition on October 23, 2015. Id. On November 19, 2015, the PCRA court filed its notice of intent to dismiss the petition and, on December 17, 2015, it dismissed the PCRA petition. Id. at 4-5. The Superior Court affirmed PCRA court's decision, on September 23, 2016.[4] Petitioner did not seek allocatur. Pet. at 8.
On April 5, 2017, Petitioner filed the instant habeas petition, claiming: (1) trial counsel was ineffective for failing to seek suppression of his Facebook posts on the ground that they were the fruit of a poisonous tree, once the gun charges against him were dismissed; (2) the Facebook posts were inadmissible as a business record; (3) trial counsel was ineffective for failing to raise a Confrontation Clause challenge to the admission of the Facebook posts on the ground that the Facebook employee who assembled the posts did not testify about them; (4) PCRA counsel was ineffective for failing to properly support the claim that trial counsel was ineffective for failing to seek suppression of the Facebook evidence on the ground that it was the fruit of a poisonous tree; (5) PCRA counsel was ineffective for failing to claim that trial counsel was ineffective for failing to object to the Commonwealth's failure to correct false testimony provided by Tyrell Ginyard; and (6) PCRA counsel was ineffective for failing to challenge Petitioner's conviction as being barred by Elonis v. United States , --- U.S. ----, 135 S.Ct. 2001, 192 L.Ed.2d 1 (2015). See Pet'r Mem. of Law ("Pet. Mem.") at 7-19. The Commonwealth maintains that claims one through three are procedurally defaulted and lack merit, and that claims four through six are non-cognizable and procedurally defaulted. See Response ("Resp.") at 11-21. This court finds that claims two, four, five and six are not cognizable bases for habeas relief, claim one is procedurally defaulted, and the state court reasonably rejected claim three.
II. DISCUSSION
A. Claims Two, Four, Five and Six are not Cognizable
Habeas relief is available only for violations of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). For this reason, claims based upon alleged state court errors in applying principles of state law are not cognizable. Bradshaw v. Richey , 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed.2d 407 (2005) (per curiam ) (citing *673 Estelle v. McGuire , 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ). Further, the U.S. Supreme Court has held that there is no federal constitutional right to the assistance of counsel in a state collateral attack, Pennsylvania v. Finley , 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), and no right to the effective assistance of state post-conviction counsel, if the defendant is represented by counsel during those proceedings. Coleman v. Thompson , 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Moreover, the habeas statute expressly provides that the ineffective assistance of state post-conviction counsel shall not be a ground for habeas relief. 28 U.S.C. § 2254(i).
Although claim two initially alleges a lack of sufficient evidence, see Pet. Mem. at 9, the bulk of the discussion addresses Petitioner's assertion that his Facebook posts were admitted in violation of Pennsylvania's Rules of Evidence. See id. at 10-11. This, on its face, is not a cognizable basis for federal habeas relief. Bradshaw , 546 U.S. at 76, 126 S.Ct. 602. Claims four through six plainly allege that state post-conviction counsel rendered ineffective assistance. Petitioner cannot be afforded habeas relief based upon such claims either.[5] 28 U.S.C. § 2254(i).
B. Claim One is Procedurally Defaulted
1. Exhaustion and Procedural Default Principles
A habeas petitioner must exhaust state court remedies before obtaining habeas relief. 28 U.S.C. § 2254(b)(1)(A). The traditional way to exhaust state court remedies in Pennsylvania was to fairly present a claim to the trial court, the Pennsylvania Superior Court and the Pennsylvania Supreme Court. See Evans v. Court of Common Pleas, Delaware County , 959 F.2d 1227, 1230 (3d Cir. 1992). However, in light of a May 9, 2000 order of the Pennsylvania Supreme Court, it is no longer necessary for Pennsylvania inmates to seek allocatur from the Pennsylvania Supreme Court in order to exhaust state remedies. See Lambert v. Blackwell , 387 F.3d 210, 233-34 (3d Cir. 2004).
If a habeas petitioner has presented his claim to the state courts, but the state courts have declined to review the claim on its merits, because the petitioner failed to comply with an adequate and independent state procedural rule when presenting the claim, the claim is procedurally defaulted. See Harris v. Reed , 489 U.S. 255, 262-63, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). When a state court has declined to review a claim based on a procedural default and the claim is not later addressed on the merits by a higher court, the habeas court must presume that the higher state court's decision rests on the procedural default identified by the lower state court. See Ylst v. Nunnemaker , 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). Finally, when a habeas petitioner has failed to exhaust a claim and it is clear that the state courts would not consider the claim because of a state procedural rule, the claim is procedurally defaulted.[6] See Coleman v. Thompson , 501 U.S. at 735 n.1, 111 S.Ct. 2546.
*674 Procedurally defaulted claims cannot be reviewed unless "the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman , 501 U.S. at 750, 111 S.Ct. 2546. In order to demonstrate cause, the petitioner must show that "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the state's procedural rule." Id. at 753, 111 S.Ct. 2546 (citation omitted). Examples of suitable cause include: (1) a showing that the factual or legal basis for a claim was not reasonably available; (2) a showing that some interference by state officials made compliance with the state procedural rule impracticable; (3) attorney error that constitutes ineffective assistance of counsel. Id. at 753-54, 111 S.Ct. 2546.
The fundamental miscarriage of justice exception is limited to cases of "actual innocence." Schlup v. Delo , 513 U.S. 298, 321-22, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). In order to demonstrate that he is "actually innocent," the petitioner must present new, reliable evidence of his innocence that was not presented at trial.[7] Id. at 316-17, 324, 115 S.Ct. 851. The court must consider the evidence of innocence presented along with all the evidence in the record, even that which was excluded or unavailable at trial. Id. at 327-28, 115 S.Ct. 851. Once all this evidence is considered, the petitioner's defaulted claims can only be reviewed if the court is satisfied "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. at 327, 115 S.Ct. 851.
2. Claim One-Trial Counsel Ineffectiveness for Failing to Seek Suppression of Facebook Posts
Petitioner contends that trial counsel rendered ineffective assistance by failing to move to suppress his Facebook posts as being fruits of the poisonous tree, once the trial court dismissed the time-barred gun charges. See Pet. Mem. at 8. The Commonwealth argues that this claim is procedurally defaulted, because Petitioner never raised it in the state courts. See Resp. at 11. This court finds that the claim is procedurally defaulted, albeit for a different reason.
Petitioner did present claim one on PCRA appeal, see 2016 Super. Ct. Op. at 11-12 ; however, citing Pa. R. App. P. 2119(a), the Superior Court deemed the claim waived, because Petitioner had failed to provide any legal support for the claim. 2016 Super. Ct. Op. at 12-13. Rule 2119(a) is an adequate and independent state procedural rule. Leake v. Dillman , 594 Fed.Appx. 756, 759 (3d Cir. 2014) (non precedential); Nguyen v. Wenerowicz , 2013 WL 6473264, *5 (E.D. Pa. Dec. 10, 2013). Therefore, claim one is procedurally defaulted, see Harris , 489 U.S. at 262-63, 109 S.Ct. 1038 ; Petitioner has not advanced any new, reliable evidence of his actual innocence to excuse this default.
Claim four alleges that PCRA counsel was ineffective for failing to raise claim one. While claim four, on its face, cannot constitute a basis to grant habeas relief, see 28 U.S.C. § 2254(i), it does allude to the limited possibility that PCRA counsel's ineffective assistance might constitute adequate cause to excuse the default of certain claims, as occurred in *675 Martinez v. Ryan , 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). Notably, the default identified by the state court was committed by appellate PCRA counsel, not PCRA counsel advocating in the trial court. 2016 Super. Ct. Op. at 12-13. In this circumstance, the exception created by Martinez does not apply, inasmuch as ineffective assistance of appellate PCRA counsel cannot constitute cause. Norris v. Brooks , 794 F.3d 401, 405 (3d Cir. 2015), cert. denied , --- U.S. ----, 136 S.Ct. 1227, 194 L.Ed.2d 225 (2016). Hence, defaulted claim one should not be reviewed on its merits. Id.
C. Claim Three-Ineffective Assistance of Counsel for Failing to Raise Confrontation Clause Issue-was Reasonably Rejected by the State Courts
1. The AEDPA Standard of Review
Claim three was resolved on its merits by the state courts, hence, it must be reviewed under the deferential standard established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that habeas relief is precluded, unless the state court's adjudication of a claim:
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.
28 U.S.C. § 2254(d). The habeas statute further provides that any findings of fact made by the state court must be presumed to be correct; Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).
A state court's adjudication of a claim is contrary to U.S. Supreme Court precedent, if the state court has applied a rule that contradicts the governing law set forth in Supreme Court precedent or if the state court confronts a set of facts which are materially indistinguishable from a decision of the Supreme Court and the state court arrives at a different result from the Supreme Court. Williams v. Taylor , 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). When determining whether a state court's decision was contrary to U.S. Supreme Court precedent, the habeas court should not be quick to attribute error. See Woodford v. Visciotti , 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam ). Instead, state court decisions should be "given the benefit of the doubt." Id. In this regard, it is not necessary that the state court cite the governing Supreme Court precedent or even be aware of the governing Supreme Court precedent. Early v. Packer , 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam ). All that is required is that "neither the reasoning nor the result of the state-court decision contradicts" Supreme Court precedent. Id.
If, however, the state court correctly identifies the governing U.S. Supreme Court precedent, unreasonable application analysis, rather than contrary analysis, is appropriate. Williams , 529 U.S. at 406, 120 S.Ct. 1495. A state court decision constitutes an unreasonable application of Supreme Court precedent if the state court correctly identifies the governing legal rule but applies it unreasonably to the facts of the petitioner's case. Id. at 407-08, 120 S.Ct. 1495.
In making the unreasonable application determination, the habeas court must ask whether the state court's application of Supreme Court precedent was objectively unreasonable.
*676 Williams , 529 U.S. at 409, 120 S.Ct. 1495. The habeas court may not grant relief simply because it believes the state court's adjudication of the petitioner's claim was incorrect. Id. at 411, 120 S.Ct. 1495. Indeed, so long as the state court's decision was reasonable, habeas relief is barred, even if state court's application of U.S. Supreme Court precedent was incorrect. See Harrington v. Richter , 562 U.S. 86, 101-02, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). Further, when applying § 2254(d)(1), the habeas court is limited to considering the factual record that was before the state court when it ruled, Cullen v. Pinholster , 563 U.S. 170, 185, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011), and the relevant U.S. Supreme Court precedent that had been decided by the date of the state court's decision. Greene v. Fisher , 565 U.S. 34, 38, 132 S.Ct. 38, 181 L.Ed.2d 336 (2011). It is permissible to consider the decisions of lower federal courts which have applied clearly established Supreme Court precedent, when deciding whether a state court's application of U.S. Supreme Court precedent was reasonable . See Fischetti v. Johnson , 384 F.3d 140, 149 (3d Cir. 2004). However, the § 2254(d)(1) bar to habeas relief cannot be surmounted solely based upon lower federal court precedent, i.e. , lower federal court precedent cannot justify a conclusion that a state court's application of U.S. Supreme Court precedent was unreasonable ; only U.S. Supreme Court precedent may be the authority for that conclusion. See Renico v. Lett , 559 U.S. 766, 778-79, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010).
The Supreme Court, addressing AEDPA's factual review provisions in Miller-El v. Cockrell , 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003), interpreted § 2254(d)(2) to mean that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds, unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Id. at 340, 123 S.Ct. 1029. A clear example of an unreasonable factual determination occurs where the state court erroneously finds a fact that lacks any support in the record. Wiggins v. Smith , 539 U.S. 510, 528, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003). In that extreme circumstance, the presumption of correctness under § 2254(e)(1) is also clearly and convincingly rebutted. Id. If the state court's decision based on a factual determination is unreasonable in light of the evidence presented in the state court proceeding, habeas relief is not barred by § 2254(d)(2). Lambert , 387 F.3d at 235.
2. Standard of Review for Ineffective Assistance of Counsel
Federal habeas ineffective assistance of counsel claims are measured against the two-part test announced in Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Id. at 688, 104 S.Ct. 2052. In making this determination, the court's scrutiny of counsel's performance must be "highly deferential." Id. at 689, 104 S.Ct. 2052. The court should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. In short, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (quotation omitted).
*677 Second, the petitioner must show that counsel's deficient performance "prejudiced the defense" by "depriv[ing] the [petitioner] of a fair trial, a trial whose result is reliable." Id. at 687, 104 S.Ct. 2052. That is, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome," id. , but it is less than a preponderance of the evidence. Id. at 693, 694, 104 S.Ct. 2052.
If the petitioner fails to satisfy either prong of the Strickland test, there is no need to evaluate the other part, as his claim will fail. Id. at 697, 104 S.Ct. 2052. Further, counsel will not be found ineffective for failing to present an unmeritorious claim or objection. Johnson v. Tennis , 549 F.3d 296, 301 (3d Cir. 2008).
3. Standards Applied to Claim Three
Petitioner claims that trial counsel rendered ineffective assistance for failing to challenge, on Confrontation Clause grounds, the admission of his Facebook posts, because the Facebook employee who assembled the posts was not called at trial to testify about them. Pet. Mem. at 11-14. The Commonwealth both argues that the claim was never presented to the state courts and is procedurally defaulted, and that the claim was heard and reasonably rejected by the state courts. Resp. at 15-17. This court finds that claim three was presented and reasonably rejected by the state courts.
The Superior Court determined that trial counsel was not ineffective, because the omitted Confrontation Clause claim lacked merit. 2016 Super. Ct. Op. at 11. This method of adjudicating an ineffective assistance claim is consistent with Third Circuit precedent, see Johnson , 549 F.3d at 301 ; hence, it is reasonable. Fischetti , 384 F.3d at 149. The appropriate inquiry, then, is whether the Superior Court reasonably determined that the omitted Confrontation Clause claim lacked merit.
The Sixth Amendment provides, in relevant part, that, "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him...." U.S. Const. amend. VI. In Crawford v. Washington , the Supreme Court held that, the Confrontation Clause bars the admission of testimonial out-of-court statements, unless the declarant is unavailable to testify at trial and the defendant had the prior opportunity to cross-examine the declarant. 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). On the other hand, the Confrontation Clause does not apply to non-testimonial statements; the admissibility of those statements in state criminal trials is left to state evidentiary law. Id. Subsequent cases in the Crawford line have established that a statement is considered "testimonial," if it was procured with the "primary purpose of creating an out-of-court substitute for trial testimony." Michigan v. Bryant , 562 U.S. 344, 358, 131 S.Ct. 1143, 179 L.Ed.2d 93 (2011). A court must objectively evaluate all the circumstances surrounding the procurement of the statement at issue in order to determine its primary purpose. Id. at 359, 131 S.Ct. 1143. If the primary purpose for procuring the statement was not to create an out-of-court substitute for trial testimony, the statement is non-testimonial and its admissibility at trial will be governed by state rules of evidence, not the Confrontation Clause. Id.
The Superior Court concluded that none of Petitioner's Facebook posts were testimonial, hence, the Confrontation Clause did not bar their admission. 2016 Super. Ct. Op. at 10-11. The conclusion that Petitioner's Confrontation Clause rights were not violated must be sustained *678 under the AEDPA standard. First, the Facebook posts were authored by Petitioner himself; since deciding Crawford , the U.S. Supreme Court has not found the defendant's own prior statements to be testimonial. Absent definitive U.S. Supreme Court precedent, Petitioner cannot show that the state court's decision was unreasonable; hence the AEDPA standard bars relief. See White v. Woodall , 572 U.S. 415, 134 S.Ct. 1697, 1706-07, 188 L.Ed.2d 698 (2014). Second, evaluated objectively, there is no indication that the primary purpose of creating the Facebook posts was to memorialize an out-of-court substitute for trial testimony. See Bryant , 562 U.S. at 358-59, 131 S.Ct. 1143. Instead, it is apparent that Petitioner himself created the posts to lash out at the victim. Since the Superior Court's finding that there was no Confrontation Clause violation was reasonable and in accord with established U.S. Supreme Court precedent, the AEDPA standard bars relief.
III. CONCLUSION
Claims two, four, five and six are not cognizable. Claim one is procedurally defaulted and claim three lacks merit under the AEDPA standard. Reasonable jurists would not debate this court's procedural and substantive disposition of Petitioner's claims; therefore a certificate of appealability should not issue for any claim. See Slack v. McDaniel , 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Accordingly, I make the following:
RECOMMENDATION
AND NOW , this 5th day of February 2018, for the reasons contained in the preceding Report, it is hereby RECOMMENDED that Petitioner's claims be DISSMISSED or DENIED , without an evidentiary hearing. Petitioner has not demonstrated that any reasonable jurist could find this court's rulings debatable, nor shown denial of any federal constitutional right; hence, there is no probable cause to issue a certificate of appealability for any of his claims.
Petitioner may file objections to this Report and Recommendation within fourteen (14) days of being served with a copy of it. See Local R. Civ. P. 72.1(IV). Failure to file timely objections may constitute a waiver of any appellate rights.
It be so ORDERED .

The information set forth in this procedural history was derived from Petitioner's Habeas Corpus Petition, the Commonwealth's Response thereto, and the state court record.

The trial court's opinion is attached to the Superior Court's opinion.

On direct appeal, Petitioner claimed: (1) the trial court erred in admitting testimony about Petitioner's Facebook posts from three witnesses (the victim, Special Agent Martin Dietz and Detective James Dougherty), because such testimony violated hearsay rules; (2) the evidence was insufficient to sustain Petitioner's conviction, because the Facebook posts that supported Petitioner's conviction constituted protected First Amendment speech; and (3) the trial court erred in admitting Petitioner's Facebook posts, because they were not properly authenticated. Commonwealth v. Lee-Purvis , 2014 WL 10986255, at *2.

On PCRA appeal, Petitioner claimed: (1) trial counsel was ineffective for (a) failing to provide an alibi witness at the preliminary hearing, (b) failing to provide discovery to Petitioner, (c) failing to raise a Confrontation Clause challenge, (d) failing to allege a poisonous tree violation, (e) failing to raise a Brady violation, and (f) failing to impeach a Commonwealth witness; he also claimed that (2) direct appellate counsel was ineffective for (a) failing to challenge the Commonwealth's closing remarks and (b) failing to preserve weight of the evidence and legality of the sentence claims. 2016 Super. Ct. Op. at 5-6 (citing Pet'r's Brief).

Claim four could be construed as an effort to excuse Petitioner's procedural default of claim one. See Martinez v. Ryan , 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). This possibility will be addressed during the discussion of claim one.

A common reason the state courts would decline to review a claim that has not been presented previously is the expiration of the statute of limitations for state collateral review. See Keller v. Larkins , 251 F.3d 408, 415 (3d Cir. 2001).

This evidence need not be directly related to the habeas claims the petitioner is presenting, because the habeas claims themselves need not demonstrate that he is innocent. See Schlup , 513 U.S. at 315, 115 S.Ct. 851.