ALD-074 and ALD-075                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 16-3716 & 16-3717
_____

KAREEM HASSAN MILLHOUSE,
                                        Appellant in C.A. No. 16-3716

v.

WARDEN EBBERT
(D.C. Civ. No. 1-14-cv-01844)
_____


KAREEM HASSAN MILLHOUSE,
                                        Appellant in C.A. No. 16-3717

v.

DAVID EBBERT
(D.C. Civ. No. 1-15-cv-00013)
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 15, 2016
Before: MCKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed: January 25, 2017)
_____

OPINION[*]
_____

PER CURIAM

Kareem Hassan Millhouse[1] is a federal prisoner incarcerated at USP-Lewisburg. These appeals arise from the District Court's refusal to seal its opinions addressing two of the many habeas petitions that Millhouse has filed under 28 U.S.C. § 2241. We will affirm.

In the first action (M.D. Pa. Civ. No. 1-14-cv-01844), Millhouse filed a petition alleging that prison personnel wrongfully gave him the reputation of being a "snitch" and subjected him to threats from other inmates. In 2014, the District Court dismissed the petition without prejudice to Millhouse's ability to raise his claims in a civil rights action. Millhouse did not appeal. In the second action (M.D. Pa. Civ. No. 1-15-cv-00013), Millhouse filed a petition alleging that prison personnel deprived him of due process during a disciplinary hearing. The District Court denied that petition both for failure to exhaust and on the merits. Millhouse appealed at C.A. No. 16-3634, but that appeal was dismissed for his failure to file a brief.

In both actions, Millhouse filed motions to seal the District Court's opinions after the District Court issued them. The District Court denied those motions by the same

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

order entered in both actions on September 7, 2016.[2] Millhouse appeals from those rulings. We have jurisdiction under 28 U.S.C. § 1291 to review orders denying a motion to seal. See In re Newark Morning Ledger Co., 260 F.3d 217, 220 (3d Cir. 2001). We generally review such orders for abuse of discretion. See In re Cendant Corp., 260 F.3d 183, 197 (3d Cir. 2001). We perceive none here.

In denying Millhouse's motions, the District Court relied primarily on the fact that the information he sought to seal already had been publicly available for over two years in the first action and over one year in the second action. The District Court did not identify the legal significance of that fact or otherwise address the standard for sealing judicial records. Nevertheless, we cannot say that the District Court abused its discretion in denying these motions.

There is a "strong presumption" of public access to judicial records, and "[t]he party seeking to seal any part of a judicial record bears the heavy burden" of rebutting that presumption. Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) (quotation marks omitted). In particular, the party "bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a

---

[1] Millhouse spells his name as "Milhouse," which is how it appears on the District Court's dockets, but Bureau of Prisons records indicate that the correct spelling is "Millhouse," as it appears on our docket and as we will refer to him.
[2] The District Court's order also denied a similar motion to seal that Millhouse had filed in a third action. Millhouse appealed the denial of that motion at C.A. No. 16-3718, but that appeal was dismissed for his failure to pay the filing fee or file the proper in forma pauperis forms.

clearly defined and serious injury to the party seeking closure." Id. (quotation marks omitted). "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." In re Cendant Corp., 260 F.3d at 194.

Miller's one-page requests to seal the District Court's opinions in these actions did not satisfy this heavy burden. Miller asserted in both actions that, if the District Court's opinions remained publicly available, they could lead other inmates to brand him as a "rat." In its opinion in the first action, however, the District Court merely repeated the allegation in Millhouse's own petition (which he did not seek to seal) that prison personnel had wrongfully given him that reputation. The opinion did not provide any specifics in that regard or suggest that Millhouse actually had informed on other inmates.

Similarly, in its opinion in the second action, the District Court merely repeated assertions contained in the Government's response (which Millhouse also did not seek to seal) that Millhouse disclaimed his involvement in a plot to escape by claiming that another inmate was involved but that he was not. The District Court did not express any opinion on anything that Millhouse may have said. Millhouse also did not allege that the public availability of this information for over one year had resulted in any threats or that its continued availability might result in any particular threat in the future.

For these reasons, we will affirm the judgments of the District Court.

4