**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1048
_____

KAREEM HASSAN MILLHOUSE,
                                          Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:15-cv-00013)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 2, 2020

Before:  MCKEE, SHWARTZ and RESTREPO, Circuit Judges

(Opinion filed: December 9, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Federal prisoner Kareem Millhouse, a frequent litigant in the federal courts,[1] appeals pro se from the District Court's December 12, 2019 order denying his second motion filed pursuant to Federal Rule of Civil Procedure 60(b)(6), which sought relief from one or more of that court's prior orders denying his requests to seal or redact certain documents filed in his 28 U.S.C. § 2241 action. For the reasons that follow, we will affirm the District Court's December 12, 2019 order.

## I.

In 2015, Millhouse filed a pro se § 2241 habeas petition in the District Court, alleging that his due process rights had been violated during prison disciplinary proceedings that resulted in the imposition of various sanctions against him, including the loss of good-conduct credit. In August 2016, the District Court denied that petition.[2] Shortly thereafter, Millhouse moved to seal the District Court's decision, claiming that information contained therein — that Millhouse had "told on" a fellow inmate — had resulted in him being labeled a "rat." The District Court denied that motion to seal in September 2016, and we affirmed that denial a few months later. See Millhouse v. Ebbert, 674 F. App'x 127, 127-28 (3d Cir. 2017) (per curiam). After filing that appeal, Millhouse moved the District Court to seal his § 2241 case and proceed under a "John

---

[1] In this Court alone, Millhouse has brought approximately 80 cases.

[2] Millhouse appealed from that order, but the Clerk ultimately dismissed that appeal based on Millhouse's failure to file a brief. See C.A. No. 16-3634.

2

Doe" pseudonym. The District Court denied both of those motions, and then Millhouse appealed. In May 2017, we affirmed the District Court's denial of Millhouse's "John Doe" motion and his motion to seal his entire case; however, we "remanded to the District Court to consider whether lesser restrictions are appropriate such as redaction or sealing of certain documents." (Order entered May 18, 2017, in C.A. Nos. 17-1022 & 17-1440.) More specifically, we explained that "the District Court should consider whether the Government's response [to Millhouse's habeas petition] and the attached Exhibit, and the District Court's [August 2016] memorandum opinion, should be redacted or sealed to remove information that may cause serious injury to [Millhouse]." (Id. (citations omitted).)

The parties subsequently filed briefing in the District Court on the remanded issue. Thereafter, the District Court, in November 2017, denied Millhouse's motion to seal or redact the documents referenced in our order in C.A. Nos. 17-1022 and 17-1440. The District Court explained that, "[w]hile [Millhouse] seeks to seal these records because he divulged the name of a fellow inmate who purportedly wanted to 'kill staff,' and now fears for his safety because this specific inmate he blamed could learn the information from the Electronic Law Library," (Dist. Ct. Mem. entered Nov. 15, 2017, at 6), Millhouse and that inmate were now incarcerated in different prisons. Additionally, the District Court highlighted that, although the documents that Millhouse was seeking to seal had "presumably been accessible to inmates for over two years," Millhouse "has not articulated any specific injury or threat of danger presented to himself." (Id. at 7.) As a

3

result, the District Court concluded that Millhouse failed "to overcome the public right of access to judicial proceedings and records." (Id. at 8.)

In August 2018, Millhouse appealed from the District Court's November 2017 order and also moved the District Court for relief from that order pursuant to Federal Rule of Civil Procedure 60(b)(6). In January 2019, we dismissed, for lack of jurisdiction, his appeal from the District Court's November 2017 order because that appeal was time-barred. See C.A. No. 18-2861. And in August 2019, the District Court denied Millhouse's Rule 60(b)(6) motion. He did not appeal from that denial.

Next, in December 2019, Millhouse filed a second Rule 60(b)(6) motion. In support of this motion, he alleged that the information that he had been seeking to seal or redact had "perpetually followed [him] to several institutions," and that, on some unspecified date(s), he "was physically confronted and had to physically defend himself." (Dist. Ct. docket # 66, at 1.) The motion also noted that Millhouse had been at his current institution of confinement since July 2019, and that, because that institution was on lockdown, the "numerous prisoners directly or indirectly aware of [his] position" were *not* aware that he was there. (Id.)

On December 12, 2019, the District Court denied Millhouse's second Rule 60(b)(6) motion. In doing so, the District Court observed that he had filed this motion more than two years after the District Court's November 2017 order. The District Court concluded that Millhouse "has not demonstrated extraordinary circumstances to excuse his failure to file his motion sooner," and that he "simply [has] not demonstrated

4

sufficient grounds for reconsideration of the denial of his request to seal portions of the record in [this case]." (Dist. Ct. Order entered Dec. 12, 2019, at 6.) Millhouse then timely filed a notice of appeal challenging the District Court's December 12, 2019 order.[3]

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's December 12, 2019 order denying Millhouse's second Rule 60(b)(6) motion for abuse of discretion. See Cox v. Horn, 757 F.3d 113, 118 (3d Cir. 2014). A party seeking relief under Rule 60(b)(6) must move for that relief "within a reasonable time." Fed. R. Civ. P. 60(c)(1). A Rule 60(b)(6) motion "may not be used as a substitute for an appeal," United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (quoting Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988)), and relief under Rule 60(b)(6) is warranted "only in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur," Norris v. Brooks, 794 F.3d 401, 404 (3d Cir. 2015) (internal quotation marks omitted).

As noted above, Millhouse did not timely appeal from the District Court's November 2017 order denying his motion to seal or redact the documents that we referenced in our order in C.A. Nos. 17-1022 and 17-1440. Nor did he appeal from the District Court's August 2019 order denying his first Rule 60(b)(6) motion. Instead, he

---

[3] After Millhouse filed this appeal, he filed yet another motion to seal in the District Court. In March 2020, the District Court denied that motion. Millhouse did not appeal from that order.

filed a *second* Rule 60(b)(6) motion.  Assuming for the sake of argument that he filed his second Rule 60(b)(6) motion within a reasonable time, he nevertheless failed to show extraordinary circumstances that might justify setting aside one or more of the District Court's earlier orders that addressed his various requests to seal or redact.  Although his second Rule 60(b)(6) motion alleged that the information that he seeks to seal or redact had "perpetually followed [him] to several institutions," and that, on some unspecified date(s), he "was physically confronted and had to physically defend himself," (Dist. Ct. docket # 66, at 1), these allegations are too vague and undeveloped to rebut the strong presumption of public access to court documents.  See Goldstein v. Forbes (In re Cendant Corp.), 260 F.3d 183, 194 (3d Cir. 2001) ("Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient."); see also id. ("The burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption.").  Accordingly, we cannot conclude that the District Court abused its discretion in denying Millhouse's second Rule 60(b)(6) motion.

In view of the above, we will affirm the District Court's December 12, 2019 order. Millhouse's request for appointment of counsel is denied.  See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

6